UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| IN THE MATTER OF BULLY 1 (SWITZERLAND) GMBH, AS OWNER, AND NOBLE DRILLING (U.S.) LLC, AS OWNER *PRO HAC VICE*, OF THE *GLOBETROTTER II* | CIVIL ACTION<br><br>NO.:<br><br>JUDGE<br><br>MAGISTRATE |

**VERIFIED COMPLAINT FOR EXONERATION<br>FROM OR LIMITATION OF LIABILITY**

The Verified Complaint in Limitation of Bully 1 (Switzerland) GmbH (hereinafter referred to as "Bully 1"), as Owner, and Noble Drilling (U.S.) LLC (hereinafter referred to as "Noble Drilling"), as Owner *Pro Hac Vice,* of the *GLOBETROTTER II* (collectively referred to as "Petitioners"), in a cause of exoneration from or limitation of liability, civil and maritime, within the admiralty and maritime jurisdiction of this Honorable Court, pursuant to 28 U.S.C. § 30501, *et seq.*, Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Admiralty Rules"), alleges upon information and belief, as follows:

1.

At all times material hereto, Bully 1 (Switzerland) GmbH was and is a company organized and existing under and by virtue of the laws of Switzerland, with its principal place of business in Baar, Switzerland.

2.

At all times material hereto, Noble Drilling (U.S.) LLC was and is a limited liability company organized and existing under and by virtue of the laws of the State of Delaware, with its principal place of business in Sugar Land, Texas.

3.

Petitioners were at all times material hereto the Owner, and/or Owner *Pro Hac Vice*, of the *GLOBETROTTER II* and are considered "owners" of the vessel under the Limitation of Liability Act, 46 U.S.C. 30501 et seq., as a party or parties sought to be held liable "as owner" of the *GLOBETROTTER II*, per the claims set forth in Paragraphs 6 and 7, infra, and accordingly are entitled to the protections afforded by the Limitation of Liability Act. *See In re Magnolia Marine Transportation Co.*, 2003 A.M.C. 2425 (E.D. Okla. 2003); *In re Shell Oil Company*, 780 F. Supp. 1086 (E.D. La. 1991).

4.

Before the occurrence of the incident described herein, the *GLOBETROTTER II* was a drillship vessel bearing IMO number 9600786, with a gross registered tonnage of 35,676 and is currently sailing under the flag of Liberia.

5.

Petitioners used due diligence at all times to make and maintain the *GLOBETROTTER II* in all aspects seaworthy, and prior to the incident described herein, the *GLOBETROTTER II* was tight, staunch, strong, fully and competently manned, properly equipped and supplied, and in all respects seaworthy and fit for service in which she was engaged.

6.

During the week of August 23, 2021, the *GLOBETROTTER II* was operating in Mississippi Canyon Block 809 in the Gulf of Mexico to drill the Princess P-12 well. On August 23, 2021,

Feature 22-L developed near the Yucatan and Bay of Campeche and was reported as having a low probability of organization. On August 24, 2021, Feature 22-L was a tropical low that remained unorganized with forecasted tracks in various areas of the Gulf of Mexico. On August 25, 2021, Feature 22-L was reclassified as Invest 99L, which remained ill-defined, and projected to move into the Gulf of Mexico in the coming days. During the time period between August 26, 2021 and August 29, 2021, Invest 99L developed into Hurricane Ida, and the storm's intensity, speed, and direction changed in ways that were not expected or foreseen. Other unforeseen complications were also experienced by the vessel when trying to unlatch and evade the storm.

7.

On or about August 29, 2021, the winds and waves from Hurricane Ida impacted the *GLOBETROTTER II* while it was attempting to evade the storm. As a result of this occurrence, claims and lawsuits have been made/filed by multiple individuals aboard the vessel, which include allegations of physical injury, mental anguish, distress, discomfort, as well as other alleged issues relating to the impact of the weather on *GLOBETROTTER II*. While Noble has provided maintenance and cure to its employees, any allegations of injuries, whether physical or mental, have been disputed.

8.

This Complaint is filed within six (6) months from the date Petitioners first received written notice of a limitable claim from anyone aboard the vessel or involved with the voyage. And the vessel has not been damaged or lost at sea since the completion of this voyage and return to service.

9.

The aforementioned weather impact, alleged injuries, losses, and/or damages allegedly resulting therefrom, were not due to any fault, neglect or want of care on the part of Petitioners or the *GLOBRETROTTER II* or anyone for whom said Petitioners may be responsible.

3

**10.**

As a result of the aforementioned weather impact on the *GLOBETROTTER II*, several individuals are alleged to have sustained physical and/or emotional injuries, and/or other losses. In addition to those potential injury claims, certain contracting parties and/or third-party contractors may have also sustained physical damage to property, contractual issues, and/or other losses.

**11.**

Upon information and belief, Petitioners are, as of this date, aware of the following suits having been filed as a result of the alleged weather impact to the vessel:

- *Yury Remedio v. Noble Drilling (U.S.), LLC, et al*

  United States District Court, Western District of Louisiana
  No. 6:21-cv-03527, Judge Summerhays, Magistrate Judge Whitehurst

- *Jared Regan v. Noble Drilling (U.S.), LLC, et al*

  United States District Court, Western District of Louisiana
  No. 6:21-cv-03993, Judge Summerhays, Magistrate Judge Whitehurst

- *John Guidry v. Noble Drilling (U.S.), LLC, et al*

  United States District Court, Western District of Louisiana
  No. 6:21-cv-03994, Judge Summerhays, Magistrate Judge Hanna

- *Brandon Freeman, et al v. Noble Drilling (U.S.), LLC, et al*

  United States District Court, Southern District of Texas
  No. 4:21-cv-03305, Judge Eskridge

- *Howell C. McIntyre v. Noble Drilling (U.S.), LLC, et al*

  United States District Court, Southern District of Texas
  No. 4:21-cv-03384, Judge Eskridge

- *Hefferan v. Noble Drilling (U.S.), LLC, et al*

  United States District Court, Southern District of Texas

      No. 22-cv-00611, Judge Eskridge

- *McDaniel v. Noble Drilling (U.S.), LLC, et al*

  United States District Court, Southern District of Texas
  No. 22-cv-00612, Judge Eskridge

- *Picard v. Noble Drilling (U.S.), LLC, et al*

  United States District Court, Southern District of Texas
  No. 22-cv-00610, Judge Eskridge

- *Muske v. Noble Drilling (U.S.), LLC, et al*

  United States District Court, Southern District of Texas
  No. 22-cv-00614, Judge Eskridge

- *Wooley, et al. v. Noble Drilling (U.S.), LLC, et al*

  United States District Court, Southern District of Texas
  No. 22-cv-00616, Judge Eskridge

**12.**

In addition, Petitioners have been made aware that other individuals have retained counsel and may bring claims in the future arising out of the aforementioned voyage of the *GLOBETROTTER II* (See List of Potential Claimants attached hereto as Exhibit C), the sum total of which may exceed the value of the *GLOBETROTTER II* and its freight pending, as outlined below. Petitioners bring this action so that all claims by all interested parties can be promptly and fairly adjudicated in a single forum, consistent with procedures established by Congress, the Federal Rules of Civil Procedure, and this Court. Contemporaneous with the filing of this Petition, Petitioners seek an order from this Court establishing a period of time within which an interested party may file a claim for damages so that the final adjudication of this matter may proceed expeditiously under the Court's supervision.

**13.**

Venue is proper in this judicial district pursuant to Rule F(9) of the Supplemental Admiralty Rules because the *GLOBETROTTER II* has not been attached or arrested, the incident happened off the coast of Louisiana, the vast majority of persons on board the *GLOBETROTTER II* at the time of the incident resided in Louisiana, and Petitioners have been sued in this district as evidenced by related matters currently pending in the Western District of Louisiana (Lafayette Division).

**14.**

The attached Vessel valuation from Mr. J.F. Moore II of JF Moore Group and J. Michael Clarkson, ASA, of Moore Bryan, dated February 11, 2022, shows the *GLOBETROTTER II* has a post-incident value of not more than THIRTY-NINE MILLION, SIX HUNDRED NINTEEN THOUSAND, TWO HUNDRED SEVENTY-FIVE 00/100 ($39,619,275.00) U.S. DOLLARS, as evidenced by the comprehensive valuation attached as Exhibit A.  Petitioners reserve the right to supplement and amend this paragraph and valuation as further facts are developed and information regarding repairs becomes available.

**15.**

Petitioners herewith submit for Court approval, as security for the benefit of all potential claimants, a Letter of Undertaking from Assuranceforeningen SKULD (Gjensidig) in the sum of THIRTY-NINE MILLION, SIX HUNDRED NINTEEN THOUSAND, TWO HUNDRED SEVENTY-FIVE 00/100 ($39,619,275.00) U.S. DOLLARS, plus interest at six percent (6%) per annum from the date of said Letter of Undertaking, said sum representing the total value of the *GLOBETROTTER II* and her appurtenance, plus freight pending. (See Letter of Undertaking, attached hereto as Exhibit B).

**16.**

Petitioners claim exoneration from and limitation of liability from any and all injuries, deaths, losses, contract disputes, or damages occurring as a result of the aforementioned incident and for any and all claims therefor. Petitioners maintain that they have valid defenses thereto on the facts and on the law, and further alleged that the incident occurred without the privity and knowledge of Petitioners. Alternatively, Petitioners, without admitting but affirmatively denying all liability, claim the benefit of the Limitation of Liability provided for in 46 U.S.C. § 30501, et seq., and, to that end, Petitioners herewith deposit into the registry of the Court, as security for the benefit of all potential claimants, the aforementioned Letter of Undertaking (Exhibit B).

**17.**

Should the Petitioners be found liable and the amount or value of the Petitioners' interests in the *GLOBETROTTER II*, as aforesaid, is not sufficient to pay all losses in full, then all claimants shall be made to share pro rata in the aforesaid sum represented by the Letter of Undertaking, saving to all such claimants any rights of priority they may have as ordered by this Honorable Court, or as provided by the aforesaid statutes, by the Federal Rules of Civil Procedure, including the Supplemental Admiralty Rules, the General Maritime Law, and by the rules and practices of this Honorable Court.

**18.**

All and singular the premises of this Complaint for Exoneration from or Limitation of Liability are true and correct and within the admiralty and maritime jurisdiction of the United States and this Honorable Court, and within the meaning and intent of Rule 9(h) of the Federal Rules of Civil Procedure.

**WHEREFORE,** Petitioners pray that:

1. This Court accept Petitioners' *Ad Interim* Stipulation for Value accompanied by the properly executed Letter of Undertaking as security for all claims in this proceeding;

2. This Court issue a notice to all persons asserting claims with respect to which this Complaint seeking exoneration or limitation, admonishing them to file their respective claims with the Clerk of Court and to serve on attorneys for Petitioners a copy thereof on or before a date to be named in the notice, and that if claimant desires to contest either the right to exoneration from or limitation of liability, such person shall file and serve on the attorneys for Petitioners an answer to this Complaint on or before the said date, unless his or her claim has included an answer, so designated;

3. This Court enjoin the further prosecution of any and all actions, suits or proceedings of any nature or description already commenced or which may hereafter be commenced in any jurisdiction against Petitioners, their officers, their respective insurers and underwriters, and/or against the *GLOBETROTTER II*, whether *in personam*, by attachment, or *in rem*, and additionally dissolving the arrest or attachment of any property of Petitioners pursuant to any proceedings *in rem*, or by attachment for loss, damage and destruction done, occasioned or incurred by reason of or resulting from the aforesaid incident, or incurring during the aforesaid voyage, except in the present proceeding, against Petitioners or any other person having or claiming to have an interest of any kind in the *GLOBETROTTER II*. If any claimant who shall file its claim under oath shall file an exception, controverting the value of the *GLOBETROTTER II*, and its condition, as alleged herein, in the amount of the approved Letter of Undertaking as aforesaid, with interest at the applicable rate per annum, and costs, from the date hereof, that this Court shall cause due appraisal to be made of the value of the *GLOBETROTTER II*.

4. In the event said appraised value exceeds the limitation fund or the security filed with the Court, that this Honorable Court enter an Order for the giving of approved security of Petitioners via an Ad Interim Stipulation in such amount, pursuant to the Supplemental Rules for Certain Admiralty and Maritime Claims, and the Federal Rules of Civil Procedure;

5. This Court adjudge, after due proceedings, that Petitioners are not liable to any extent whatsoever for any injuries, losses, damages or destruction, or for any claims whatsoever, arising from the consequences of the matters, happenings, and events stated in this Complaint, and exonerate Petitioners, their officers, their respective insurers and underwriters, and the *GLOBETROTTER II* from liability;

6. Alternatively, if Petitioners should be adjudged liable, then such liability shall be limited to the amount or value of Petitioners' interest in the *GLOBETROTTER II*, as aforesaid, at the time of the accident, that Petitioners be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured to be paid, as aforesaid, be divided *pro rata* according to the hereinabove mentioned statutes among such claimants as may duly prove and claim in accordance with the provisions of the Order hereinafter prayed for, saving to all parties any priorities to which they may be legally entitled, and that a

decree may be entered, discharging the Petitioners and their underwriters from all further liability;

7. After due proceedings had, there be judgment herein, in favor of Petitioners granting them exoneration from, or in the alternative, limitation of liability to the amounts claimed herein; and

8. Petitioners have such other and further relief as may be just and appropriate under the circumstances.

Respectfully submitted:

**KEAN MILLER LLP**

  /s/  *Robert Kallam*
**ROBERT M. KALLAM (TX #24034175; LA #20242)**
**TAYLOR ASHWORTH (LA #39404)**
600 Jefferson Street, Suite 1101
Lafayette, Louisiana 70501
Telephone: (337) 235-2232

**TIMOTHY WAYNE STRICKLAND (TX #19396298)**
**STACEY TYREE NORSTRUD (TX #24025363)**
*Pro hac to be applied for*
711 Louisiana Street, Suite 1800
Houston, Texas 77002
Telephone: (713) 844-3000

**BRADLEY J. SCHLOTTERER (LA #24211)**
**SEAN T. McLAUGHLIN (LA #31870)**
First Bank and Trust Tower
909 Poydras Street, Suite 3600
New Orleans, Louisiana 70112
Telephone: (504) 585-3050

AND

**NEUNERPATE**

**JEFFREY CORIEL (LA #32405)**
One Petroleum Center
1001 West Pinhook Road, Suite 200
Lafayette, LA 70503
Telephone: (337) 237-7000

ATTORNEYS FOR BULLY 1 (SWITZERLAND) GMBH AND NOBLE DRILLING (U.S.) LLC

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this the 25th day of February 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to those who are non-CM/ECF participants.

              */s/ Robert Kallam*