UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF BULLY 1 (SWITZERLAND) GMBH, AS OWNER, AND NOBLE DRILLING (U.S.) LLC, AS OWNER *PRO HAC VICE*, OF THE *GLOBETROTTER II* | * | CIVIL ACTION NO.: 6:22-cv-00566 |
| | * | SECTION |
| | * | JUDGE ROBERT R. SUMMERHAYS |
| | * | MAG. CAROL B. WHITEHURST |

### NOTICE OF CLAIMS, OBJECTIONS AND ORIGINAL ANSWER OF CLAIMANT, LOUISIANA WORKERS' COMPENSATION CORPORATION

Claimant, Louisiana Workers' Compensation Corporation, (hereinafter sometimes referred to as "LWCC") is a Louisiana domestic corporation domiciled in Baton Rouge, Louisiana, who, through undersigned counsel, answers the Complaint and Petition for Exoneration From or Limitation of Liability in this matter filed by Petitioners, Bully I (Switzerland) GmbH (hereinafter sometimes referred to as "Bully 1") as owner of the *GLOBETROTTER II*, and Noble Drilling (U.S.) LLC (hereinafter sometimes referred to as "Noble Drilling") as Owner *Pro Hac Vice* of the *GLOBETROTTER II* (hereinafter sometimes collectively referred to as "Petitioners"). Claimant files this pleading for the purpose of responding to Petitioners' Verified Complaint for Exoneration From or Limitation of Liability and to protect the Claimant's rights and causes of action potentially

implicated by Petitioners' filing of its Complaint. Claimant specifically reserves any and all rights that Claimant may have under any and all applicable state and federal laws against Petitioners and all other potentially responsible parties.

## I. ANSWER TO COMPLAINT

### FIRST DEFENSE

The allegations of the Complaint of Bully 1 (Switzerland) GmbH ("Bully 1") as owner of the *GLOBETROTTER II*, Noble Drilling (U.S.) LLC ("Noble Drilling") as Owner *Pro Hac Vice*, of the *GLOBETROTTER II* fail to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

### SECOND DEFENSE

The limitation proceeding was not timely filed in accordance with the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.*, Therefore this Court does not have subject matter jurisdiction over the asserted limitation proceeding.

### THIRD DEFENSE

Claimant herein asserts the flotilla doctrine. The limitation fund is inadequate, and the Complaint of Petitioners should be dismissed because Petitioners have failed to deposit adequate security for the Vessel and for the additional vessels within the flotilla, which are under common operational control, supervision, and enterprise.

### FOURTH DEFENSE

The limitation fund is inadequate, and the Complaint of Petitioners should be dismissed because Petitioners have failed to deposit adequate security for the vessel identified in the Verified Complaint for Exoneration From or Limitation of Liability and for the additional vessels within the flotilla which were under common operational control, supervision and enterprise.

**FIFTH DEFENSE**

The limitation fund is inadequate, and the Complaint should be dismissed because Petitioners have failed to accurately identify all of the vessels in the flotilla which should be included in the limitation fund.

**SIXTH DEFENSE**

The Limitation of Liability Act is not applicable in the instant case because at all times pertinent hereto, the *GLOBETROTTER, II* and/or other vessels contained within the flotilla were operated in a willful, wanton, and reckless manner or, in the alternative, the conduct and actions which lead to Claimants' damages took place with the privity and knowledge of the owners, managing owners, owners *pro hac vice*, and/or operators of the vessel involved.

**SEVENTH DEFENSE**

The Limitation of Liability Act is not applicable in the instant case because at all relevant times, the *GLOBETROTTER, II* and/or other vessels contained within the flotilla were known by the owners and/or operators to be unseaworthy.

**EIGHTH DEFENSE**

To the extent Petitioners insurers attempt to avail themselves of the limitation/exoneration defense, Claimant herein asserts that the Limitation of Liability Act is unavailable to insurers of vessel owners under the circumstances. In the alternative, no *prima facie* case has been made establishing they are entitled to avail themselves of the Limitation of Liability Act.

**NINTH DEFENSE**

The events culminating in the damages to Claimant herein were the result of the negligence, gross negligence, fault or want of due care on the part of complainants and/or those for whom complainants are responsible, and/or the unseaworthiness of the *GLOBETROTTER II* and/or other

vessels within the flotilla under the common operational control, supervision and enterprise of Petitioners, all of which was within the privity and knowledge of Petitioners, for which the Complaint for Exoneration From or Limitation of Liability should be denied.

## TENTH DEFENSE

Claimant herein further alleges that there were insurance coverages on the *GLOBETROTTER II* insuring Petitioners in the event of an occurrence such as that which is the subject of the claims herein, and the proceeds of said insurance policy(ies) should be included in this limitation proceeding (in the event the Court determines these limitation proceedings are appropriate).

## ELEVENTH DEFENSE

Claimant herein reserves the right to contest the appraisal value of the *GLOBETROTTER II* and/or for any additional vessels in the flotilla, their engines, apparel, appurtenances, pending freight, etc., and the adequacy of the security.

## TWELFTH DEFENSE

The limitation fund is inadequate and should be increased and/or this action should be dismissed because the limitation fund does not properly account for the value of the minerals and other appurtenances, attachments, freight and/or cargo aboard the vessel, subject to the control of the vessel, and/or owned by the Petitioners.

**AND NOW**, specifically reserving all defenses asserted herein claimant, LWCC, responds to the individual paragraphs of the Verified Complaint for Exoneration From or Limitation of Liability, upon information and belief, as follows:

I.

The allegations of Paragraphs 1 through 18 of the Verified Complaint in Limitation of Bully I (Switzerland) GmbH ("Bully 1") as owner of the *GLOBETROTTER II*, Noble Drilling (U.S.) LLC ("Noble Drilling") as Owner *Pro Hac Vice* of the *GLOBETROTTER II* for Exoneration From or Limitation of Liability are denied for lack of sufficient information to justify a belief therein.

II.

The allegations contained in the prayer of relief are not statement of facts, but conclusions of law, from which no response is necessary from this Claimant. However, if a response be deemed necessary, those allegations are denied. Claimant further specifically denies the adequacy of the value of the *GLOBETROTTER II* and/or the other vessels in its flotilla as asserted by complainants. Claimant further re-urges its prior objection to Bully I (Switzerland) GmbH ("Bully 1") as owner of the *GLOBETROTTER II*, Noble Drilling (U.S.) LLC ("Noble Drilling") as Owner *Pro Hac Vice* of the *GLOBETROTTER II* failure to include the value of all vessels in the flotilla that were under the common operational control, supervision and enterprise, together with any insurance proceeds. Claimant further denies the adequacy of petitioner', Bully I (Switzerland) GmbH ("Bully 1") as owner of the *GLOBETROTTER II*, Noble Drilling (U.S.) LLC ("Noble Drilling") as Owner *Pro Hac Vice* of the *GLOBETROTTER II*, stipulation for an amount equal to the value of its interest in the *GLOBETROTTER II* and/or other vessels in its flotilla. Claimant specifically reserves the right to contest the stated value of the vessel and the *GLOBETROTTER II* and the limitation fund as foresaid.

## II. CLAIM FOR DAMAGES

**AND NOW**, specifically reserving all rights and defenses asserted herein, LWCC files its claim in the Verified Complaint for Exoneration From or Limitation of Liability filed by Bully I (Switzerland) GmbH ("Bully 1") as owner of the *GLOBETROTTER II*, Noble Drilling (U.S.) LLC ("Noble Drilling") as Owner *Pro Hac Vice* of the *GLOBETROTTER II*, and states that:

1.

Louisiana Workers' Compensation Corporation is a domestic Louisiana corporation domiciled in and with its principal place of business in Baton Rouge, Louisiana.

2.

This claim is brought under the General Maritime Law of the United States and/or 33 U.S.C. 933. This suit is necessary to collect damages and/or offsets as allowed by law due to the negligence of the Limitation Complainants, and the negligence and unseaworthiness of the *GLOBETROTTER II*. Claimant reiterates and re-urges every defense and objection set forth above as if copied herein in extenso.

3.

At all times material herein, Bully I (Switzerland) GmbH ("Bully 1") as owner of the *GLOBETROTTER II*, Noble Drilling (U.S.) LLC ("Noble Drilling") as Owner *Pro Hac Vice* of the *GLOBETROTTER II* were the owners, managers, operators and/or owners *pro hac vice* of the *GLOBETROTTER II*.

4.

On and prior to August 29, 2021, the *GLOBETROTTER II* in the Gulf of Mexico in the vicinity of Mississippi Canyon Block 809. Despite knowledge of a strong weather front and deteriorating weather conditions, Petitioners and the *GLOBETROTTER II* failed to undertake

adequate storm preparations. The National Weather Service had issued a series of marine warnings for the Gulf of Mexico in the area in which the *GLOBETROTTER II* was operating. The Limitation Complainants failed to properly communicate these warnings to the *GLOBETROTTER II* and/or the captain and crew chose to ignore the warnings as the *GLOBETROTTER II* continued to operate as normal. As a result of the deteriorating weather conditions, the failure of the Petitioners to appropriately and timely heed or prepare for the oncoming storm and the unseaworthy condition of the *GLOBETROTTER II*, the vessel, its passengers and crew sustained substantial damage from the storm impact including structural damage to the vessel and loss and damage to equipment on the vessel including the engines and propulsion system and resulting injuries to the passengers and crew (The "storm impact event").

5.

Claimant is a Louisiana insurance company who provided state and federal compensation insurance to Pro-T Company, Inc. the employer of Jared Regan, John Guidry and Edward Simon.

6.

As a result of the Petitioners failure to prepare for and/or avoid the storm impacts, personal injury claims for compensation benefits were filed by Regan, Simon and Guidry, against LWCC as the compensation insurer for Pro-T Company, Inc. as required under the Longshore and Harbor Workers Compensation Act ("LHWCA"). The claimants have asserted that they were injured while working in the course and scope of their employment and have made workers' compensation claims as well as alleging claims for injuries and disabilities related to and caused by the storm impact event of the *GLOBETROTTER, II* in the Gulf of Mexico on August 29, 2021.

7.

The storm impact event of August 29, 2021, and resulting damage to the *GLOBETROTTER II*, and injuries to its passengers and crew was proximately and legally caused by the unseaworthy condition of the vessel, and/or the negligent operation on the vessel, which Petitioners and all other responsible parties, with full privity and knowledge, knew or should have known of prior to August 29, 2021, and was also proximately and legally caused by the concurrent negligence, gross negligence, reckless conduct and fault of Petitioners and all other responsible parties in the following non-exclusive particulars:

    a.    Failure to inspect the *GLOBETROTTER II* to assure that it was fit for its intended purposes;

    b.    Failure to properly operate the *GLOBETROTTER II*;

    c.    Acting in a careless and negligent manner without due regard for the safety of others;

    d.    Failure to take appropriate actions to avoid or mitigate the storm impact event;

    e.    Failure to inspect the work being performed to assure that it was being performed an a proper manner;

    f.    Failure to adequately train and hire personnel;

    g.    Failure to anticipate and observe obvious signs of danger, including, but not limited to inclement weather;

    h.    Failure to provide a vessel, equipment, appliances and appurtenances reasonably fit for their intended use;

    i.    Using inadequate and/or defective safety equipment and/or procedures;

    j.    Failure to provide proper and necessary equipment and information to properly navigate the vessel in the deteriorating weather conditions;

    k.    Failure to provide a reasonably safe workplace;

    l.    Failure to have or implement an emergency rescue plan and/or rescue equipment;

    m.    Failure to adopt and/or implement practices, policies and procedures designed to prevent injuries and damages to those aboard the *GLOBETROTTER II*; and

    n.    Other acts of negligence, fault and omissions which will be shown upon a trial of this matter, all of which are in violation of the laws of pertinent states and the federal law applicable to operations on navigable waterways.

8.

Claimant herein specifically pleads the doctrine of *res ipsa loquitur* in as much as the Petitioners herein owned and had custody and control of the vessel when the storm impact event occurred, and which storm impact event could not have occurred absent the negligent conduct of one or all of the Limitation Complainants and those parties for whom they are responsible.

9.

At all times pertinent the *GLOBETROTTER II* was unseaworthy.

10.

The storm impact event caused claimant's damages and losses.

11.

The Petitioners herein had actual as well as subjective awareness of the risks, including, but not limited to the risks resulting from the deteriorating weather conditions, and consciously disregarded such risks.

12.

As a result of said occurrences, Claimant, Louisiana Workers' Compensation Corporation, has received multiple claims for workers' compensation benefits and has paid workers compensation benefits, medical expenses, and related expenses in excess of $25,000.00 for such claims directly related to and as a result of the storm impact event. Compensation benefits to various claimants continue to be paid as such accrue. As the legal subrogee, pursuant to the aforementioned compensation statutes as well as the Louisiana Code of Civil Procedure Article

1829, Louisiana Workers' Compensation Corporation is entitled to full and complete reimbursement of any and all benefits it pays to any claimant directly or indirectly resulting from the storm impact event of the *GLOBETROTTER II* on August 29, 2021. In addition, pursuant to 33 U.S.C. 933, Louisiana Workers Compensation Corporation is entitled to a credit or offset in an amount equal to the net recovery herein of Regan, Simon and/or Guidry against any future obligation it may have to those individuals under the LHWCA.

13.

Under the provisions of 33 U.S.C. §933 and/or LSA-R.S. 23:1101-3 and 1162, Louisiana Workers' Compensation Corporation, as the compensation insurer for the injured workers, is entitled to receive complete indemnification with preference and priority for all sums, which it pays to any injured worker or claimant including, but not limited to, payments pursuant to the Longshore and Harbor Workers' Compensation Act and/or the Louisiana Workers' Compensation Act. In addition, pursuant to 33 U.S.C. 933, Louisiana Workers Compensation Corporation is entitled to a credit or offset in an amount equal to the net recovery herein of Regan, Simon and/or Guidry against any future obligation it may have to those individuals under the LHWCA.

**WHEREFORE** and considering the foregoing, Claimant, Louisiana Workers' Compensation Corporation, asserts that Complainants' Claim for Exoneration From and/or Limitation of Liability is improper and should be dismissed with prejudice. Claimant, Louisiana Workers' Compensation Corporation, further asserts that it is entitled to recover all amounts paid, or which may be paid in the future, by Louisiana Workers Compensation Corporation to or on behalf of any compensation claimant as a result of the legal fault of Petitioners herein and any and all other responsible parties and the vessel *GLOBETROTTER II*. In addition, pursuant to 33 U.S.C. 933, Louisiana Workers Compensation Corporation is entitled to a credit or offset in an amount equal to the net recovery herein of Regan, Simon and/or Guidry against any future obligation it may have to those individuals under the LHWCA. Claimant, Louisiana Workers' Compensation Corporation, prays for judgment in its favor and against Petitioners, Bully I (Switzerland) GmbH

("Bully 1") as owner of the *GLOBETROTTER II*, Noble Drilling (U.S.) LLC ("Noble Drilling") as Owner *Pro Hac Vice* of the *GLOBETROTTER II*, and their insurers and all other responsible parties for all appropriate damages with interest from the date of loss until paid and for all costs of these proceedings.

      Respectfully submitted:

/s/ David K. Johnson
David K. Johnson, Bar Roll No. 1998
Johnson, Rahman & Richards
2237 S. Acadian Thruway
Post Office Box 98001
Baton Rouge, Louisiana 70898-8001
Telephone:     (225) 231-0755
Facsimile:      (225) 929-5613
Email:            djohnson@lwcc.com
Counsel for Louisiana Workers' Compensation Corporation

## **CERTIFICATE**

**I HEREBY CERTIFY** that on the 8th day of April, 2022, a copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all known counsel of record by operation of the Court's electronic filing system.

/s/ David K. Johnson
David K. Johnson