UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF BULLY 1 (SWITZERLAND) GMBH, AS OWNER, AND NOBLE DRILLING (U.S.) LLC, AS OWNER PRO HAC VICE, OF THE GLOBETROTTER II | CIVIL ACTION NO.: 6:22-cv-0566<br><br>JUDGE SUMMERHAYS<br><br>MAGISTRATE JUDGE WHITEHURST |

**ANSWER AND CLAIMS OF SHELL USA, INC. AND SHELL OFFSHORE INC.**

Shell USA, Inc. (formerly Shell Oil Company) and Shell Offshore Inc. (collectively the "Shell Entities") provide herein their Answer and Claims in response to the Verified Complaint for Exoneration from or Limitation of Liability of Bully 1 (Switzerland) GmbH, as Owner, and Noble Drilling (U.S.) LLC, as Owner *Pro Hac Vice*, of the *GLOBETROTTER II* (collectively hereafter "Petitioners") (Rec. Doc. 1, hereafter "Complaint"), as follows:

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

The Shell Entities answer the Complaint as follows:

**First Defense**

The Complaint fails to state a claim upon which relief may be granted.

**Second Defense**

The limitation fund should be increased to the extent it does not properly account for the value of the engines, apparel, appurtenances, attachments, pending freight/charter hire of the *GLOBETROTTER II*.

**Third Defense**

The Shell Entities reserve the right to contest the appraised value of the *GLOBETROTTER II* as well as its engines, apparel, appurtenances, attachments, pending freight/charter hire, any value recovered, and the adequacy of security.

## Fourth Defense

To the extent the insurers of Petitioners attempt to avail themselves of the limitation and/or exoneration defense, the protections of the Limitation of Liability Act are unavailable to them under the circumstances.

## Fifth Defense

In the alternative, the casualty and damages relating to this limitation action were caused in whole or in part by the unseaworthiness of the *GLOBETROTTER II* and/or were due to the negligence, fault, and/or want of due care of Petitioners and their agents and employees, all of which were within the privity or knowledge of Petitioners.

## Sixth Defense

AND NOW, answering the specific allegations of the Complaint, the Shell Entities aver as follows:

1.

The Shell Entities deny the allegations of Paragraphs 1, 2, 3, 4, 5, 6, 7, 9, 11, 12, 13, 14, 16, 17, and 18 of the Complaint for lack of information or knowledge sufficient to form a belief in the truth thereof.

2.

The Shell Entities admit the allegations of Paragraphs 8 and 10 of the Complaint.

3.

The allegations in Paragraph 15 of the Complaint require no answer. However, to the extent an answer is necessary, the Shell Entities deny the allegations of Paragraph 15 of the Complaint for lack of information or knowledge sufficient to form a belief in the truth thereof.

4.

The Shell Entities further deny the allegations of any unnumbered paragraphs, including the prayers for relief contained in the Complaint.

III.

**THE SHELL ENTITITES' CLAIMS**

AND NOW, pursuant to Rule F of the Supplemental Rules for Admiralty or Maritime Claims, Shell USA, Inc. and Shell Offshore Inc. (collectively "Claimants") hereby make their claims against Petitioners in this proceeding (hereafter sometimes referred to as "the Limitation Proceeding") and, as grounds therefore, represent the following:

1.

These are admiralty and maritime claims within the meaning of Rule 9(h) and Supplemental Rule C of the Federal Rules of Civil Procedure. Jurisdiction is based on 28 U.S.C. § 1333 and 46 U.S.C. § 30101. Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391(b).

2.

The Shell Entities are Delaware corporations, with their principal places of business in Houston, Texas.

3.

At all relevant times there was in place between Shell EP Wells Equipment Services B.V. and Noble Drilling Holding LLC a Contract No. SEP-C-10-002 dated June 25, 2010, which was subsequently assigned to Shell Offshore Inc. ("SOI") and Noble Drilling (U.S.) LLC ("Noble") by agreement dated July 24, 2019 ("Contract") for the provision of the *Globetrotter II* drilling unit.

4.

During the week of August 23, 2021, the *Globetrotter II* was a drillship performing completion operations for SOI on the Princess P-12 well in Mississippi Canyon Block 809, lease number G05868.  The *Globetrotter II* unlatched from the wellhead and the blowout preventer on August 27, 2021, solely for the purpose of avoiding Hurricane Ida or the weather disturbances prior to the hurricane.  On or about August 29, 2021, the winds and waves from Hurricane Ida impacted the *Globetrotter II* while it was attempting to evade the storm (the "Incident").

5.

As a result of the Incident, multiple individuals are alleged to have sustained physical and/or emotional injuries, and personal injury claims have been asserted against the Shell Entities as a result of the Incident.

6.

Petitioners are liable to the Shell Entities for tort-based contribution for any judgments or sums the Shell Entities pay in damages arising from the Incident in excess of the Shell Entities' proportion of fault, which fault and liability for the Incident are hereby expressly denied.

7.

Petitioners are required to indemnify the Shell Entities in tort for any judgment or sums the Shell Entities pay in damages arising from the Incident based on the relationship of the parties, the character of the duties owed by Petitioners, and/or the acts or omissions of Petitioners.

8.

In the alternative, and only in the event the Court were to address the rights and obligations of the Petitioners or the Shell Entities under the Contract, including indemnity and defense

obligations owed to the Shell Entities, Petitioners owe defense and indemnity to the Shell Entities for claims made by members of Noble's Contractor Group.

9.

All and singular, the foregoing is true and correct and within the admiralty and maritime jurisdiction of this Honorable Court.

10.

Claimants reserve the right to supplement and amend their Claims as necessary and appropriate through the discovery of additional information relevant hereto.

**WHEREFORE**, Shell USA, Inc. and Shell Offshore Inc. pray:

1. That Petitioners' request for exoneration from or limitation of liability be denied;
2. That judgment be entered in the Shell Entities' favor and against Petitioners for contribution associated with any judgment or sums the Shell Entities pay in damages arising from the Incident proportionally attributed to Petitioners' fault;
3. That judgment be entered in the Shell Entities' favor and against Petitioners for indemnity in tort associated with any judgment or sums the Shell Entities pay in damages arising from the Incident;
4. In the alternative, and only in the event the Court were to address the rights and obligations of the Petitioners or the Shell Entities under the Contract, that judgment be entered in the Shell Entities' favor and against Petitioners for indemnity and defense associated with claims made against the Shell Entities by members of Noble's Contractor Group;
5. That judgment be entered in the Shell Entities' favor and against Petitioners in the amounts to be proven at trial, plus accrued interest, as well as attorneys' fees, court costs, and expenses, and such other sums to which the Shell Entities are entitled;

6. And for all such other and further relief that justice and the nature of this case will allow.

                                           Respectfully submitted,

/s/   *Thomas P. Diaz*
Thomas P. Diaz (Bar #18863)
Alexander J. Baynham (Bar #36369)
**LISKOW & LEWIS**
Hancock Whitney Center, Suite 5000
701 Poydras Street
New Orleans, Louisiana 70139
Telephone:  504-581-7979
Facsimile:  504-556-4108
Email: tpdiaz@liskow.com
Email: ajbaynham@liskow.com

and

Vanessa W. Anseman (Bar #28795)
**LISKOW & LEWIS**
822 Harding Street
Lafayette, Louisiana 70503
Telephone:  (337) 232-7424
Facsimile:  (337) 267-2399
Email: vanseman@liskow.com

and

Michael A. Golemi (Bar #26306)
**LISKOW & LEWIS**
101 Fannin Street, Suite 1800
Houston, Texas 77002
Telephone: (713) 651-2900
Facsimile: (713) 651-2908
magolemi@liskow.com


***Attorneys for Shell USA, Inc.
and Shell Offshore Inc.***

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on April 13, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to CM/ECF participants. I further certify that I forwarded the foregoing document and the notice of electronic filing by facsimile to non-CM/ECF participants.

                                                                  */s/ Thomas P. Diaz*