UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF BULLY 1 (SWITZERLAND) GMBH, AS OWNER AND NOBLE DRILLING (U.S.) LLC, AS OWNER *PRO HAC VICE*, OF THE GLOBETROTTER II | * * * * * * * * | CIVIL ACTION NO. 6:22-cv-00566 c/w 6:21-cv-03527-RRS-CBW, c/w 2:21-cv-03993-RRS-CBW, c/w 2:21-cv-03994-RRS-PJH<br><br>JUDGE ROBERT R. SUMMERHAYS<br><br>MAGISTRATE JUDGE CAROL B. WHITEHURST |

**AFFIRMATIVE DEFENSES, ANSWER, AND CLAIMS OF JAIME VARGAS**

Claimant, Jaime Vargas (hereinafter, "Claimant"), respectfully objects and submits the following Affirmative Defenses, Answer, and Claims in response to *Verified Complaint for Exoneration from or Limitation of Liability* filed by Bully 1 (Switzerland) GmbH and Noble Drilling (U.S.) LLC (hereinafter collectively referred to as "Complainants"),[1] and upon information and belief states as follows:

**AFFIRMATIVE DEFENSES**

Claimant respectfully submits the following affirmative defenses, which if inconsistent or later deemed inapplicable, are pled in the alternative.

**FIRST DEFENSE**

The allegations of the Complaint fail to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

**SECOND DEFENSE**

The Limitation of Liability Act, 46 U.S.C. § 30501, *et seq*., is unconstitutional in that it deprives Claimant of property rights without due process of law in violation of the Fifth and

---

[1] Rec. Doc. 1, verified complaint, in member case no. 6:22-cv-00566-RRS-CBW.

1

Fourteenth Amendments to the United States Constitution and does not provide for equal protection of the laws pursuant to the Fifth and Fourteenth Amendments to the United States Constitution.

### THIRD DEFENSE

Claimant asserts the flotilla doctrine. The limitation fund is inadequate and the Complaint should be dismissed because the Complainants have failed to deposit adequate security for the D/B THOR, Official Vessel No. 2815608408 and for the additional vessels within the flotilla, which were under common operational control, supervision, and enterprise.

### FOURTH DEFENSE

The limitation fund is inadequate and the Complaint should be dismissed because the Complainants have failed to deposit adequate security for the GLOBETROTTER II and for the additional vessels within the flotilla, which were under common operational control, supervision, and enterprise. Pursuant to Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims, the proper limitation fund must be deposited at the time of filing. The Complainants' deposit, at the time of filing, did not meet federal standards. As such, this limitation action must be dismissed.

### FIFTH DEFENSE

The limitation fund is inadequate and the Complaint should be dismissed because the Complainants have failed to accurately identify all of the vessels in the flotilla that should be included in the limitation fund.

### SIXTH DEFENSE

The Limitation of Liability Act is not applicable to the instant case because the conduct and actions which led to Claimant's injuries were willful, wanton, and/or reckless, and/or took

place within the privity and knowledge of the owners, managing owners, owners *pro hac vice*, and/or operators of the vessel(s) involved.

## SEVENTH DEFENSE

The Limitation of Liability Act is not applicable in the instant case because at all relevant times, the GLOBETROTTER II and/or the other vessels contained within the flotilla were known by the owner and/or owner *pro hac vice* to be unseaworthy.

## EIGHTH DEFENSE

To the extent the Complainants' insurers attempt to avail themselves of the limitation/exoneration defense, Claimant asserts that the Limitation of Liability Act is unavailable to insurers of vessel owners under the circumstances. In the alternative, no *prima facie* case has been made establishing that they are entitled to avail themselves of the Limitation of Liability Act.

## NINTH DEFENSE

The Complaint contains vague and ambiguous statements which are objectionable under Federal Rule of Civil Procedure 12(e), and Claimant seeks more definitive statements of the allegations, regardless of the nature, manner, and extent of his Answer and Claim herein.

## TENTH DEFENSE

The events culminating in the Claimant's injuries were the result (in whole or in part) of the negligence, fault, or want of due care on the part of the Complainants and/or those for whom the Complainants are responsible, and/or the unseaworthiness of the GLOBETROTTER II and/or other vessels within the flotilla under common operational control, supervision, and enterprise, all of which was within the privity and knowledge of the Complainants, for which the Complaint should be denied.

### ELEVENTH DEFENSE

The events culminating in Claimant's injuries were not the result of any negligence, fault, or want of due care on his part individually.

### TWELFTH DEFENSE

Claimant further alleges that there was insurance coverage on the GLOBETROTTER II insuring the Complainants in the event of an occurrence such as that which is the subject of Claimant's claims, and the proceeds of said insurance policy should be included in this limitation proceeding (solely in the event the Court determines this limitation proceeding is appropriate).

### THIRTEENTH DEFENSE

Claimant states that the proceeds of any judgment, award, or settlement that may be received by the Complainants from any third party in recompense of any losses or damages sustained herein to the property or interests of the Complainants, as a result of the fault or alleged fault of said third party, must be included in the limitation fund.

### FOURTEENTH DEFENSE

In filing this Answer and Claim, Claimant specifically reserves all rights to pursue all available claims in the forum of his choice (including in state court) for resolution of any and all issues beyond the exclusive jurisdiction of this Admiralty Court pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333, the Jones Act, the general maritime law, and all other remedies (including state law remedies). The filing of this Claim and Answer is in no way a waiver of these rights and defenses, and Claimant is not agreeing to join all issues in this proceeding by filing this Claim and Answer.

**FIFTEENTH DEFENSE**

Claimant reserves the right to move the Court to lift the injunction and stay of proceedings in other forums. *See In re Tetra Applied Tech., L.P.*, 362 F.3d 388 (5th Cir. 2004). Further, pursuant to the holdings in *In re Liverpool, etc. Nav. Co. (Vestris)*, 57 F.2d 176, 179 (2d Cir. 1932), and *The Silver Palm*, 94 F.2d 776, 780 (9th Cir. 1937), upon the Complainants' failure to obtain relief in this limitation action (should resolution of this action precede judgment in other actions), Claimant reserves and hereby asserts his right to have his claims and damages tried to a jury in the court of his choosing.

**SIXTEENTH DEFENSE**

The purpose of a limitation action is to provide a single forum for determining whether the vessel and its owner are liable at all, whether the owner may in fact limit liability to the value of the vessel and pending freight, and how the funds are to be distributed to Claimant. *See* 46 U.S.C. § 30501, *et seq*.; *see also* THOMAS J. SCHOENBAUM, ADMIRALTY AND MARITIME LAW 2d ed. § 13-5 (1994). Because of the nature and circumstances of this action, a limitation proceeding is inappropriate and unjustified.

**SEVENTEENTH DEFENSE**

Claimant reserves the right to contest the appraisal value of the GLOBETROTTER II and/or for any additional vessels in the flotilla, their engines, apparel, appurtenances, pending freight, etc., and the adequacy of the security.

**EIGHTEENTH DEFENSE**

The limitation fund is inadequate and should be increased and/or this action should be dismissed because the limitation fund does not properly account for the value of the minerals and

other appurtenances, attachments, freight and/or cargo aboard the vessel, subject to the control of the vessel, and/or owned by the Complainants.

### NINETEENTH DEFENSE

The Complainants are not a "vessel owner" and/or "owner *pro hac vice*" entitled to seek exoneration from or limitation of liability under 46 U.S.C. § 30501, *et seq*.

### TWENTIETH DEFENSE

Claimant reserves the right to move for bifurcation of this action so the only issues of fact decided by this Court are whether the Complainants were negligent, whether the vessel was unseaworthy, and whether such negligence/unseaworthiness were within the privity and/or knowledge of the Complainants. All other fact issues shall be decided in a court and/or forum of Claimant's choosing as is the Claimant's rights under the Saving to Suitors clause and the Jones Act.

**AND NOW,** specifically reserving all defenses asserted herein, including, without limitation, Claimant's right to pursue his claims in state court pursuant to the Savings to Suitors clause, 28 U.S.C. §1333, and all state law remedies, Claimant files his Answer in this proceeding, and states that:

### ANSWER OF CLAIMANT

1. The allegations contained in Paragraph 1 of the Complaint are denied for lack of information sufficient to justify a belief therein.

2. The allegations contained in Paragraph 2 of the Complaint are denied for lack of information sufficient to justify a belief therein.

3. The allegations contained in Paragraph 3 of the Complaint are denied for lack of information sufficient to justify a belief therein. In addition, Claimant specifically reserves his

right to contest and demand proof of the Complainants' status as the "owner" and/or "owner *pro hac vice*" of the GLOBETROTTER II. Further responding, any suggestion that the Complainants are entitled to any relief whatsoever, including limitation of liability, is denied.

4. The allegations contained in Paragraph 4 of the Complaint are denied for lack of information sufficient to justify a belief therein.

5. The allegations contained in Paragraph 5 of the Complaint are denied.

6. The allegations contained in Paragraph 6 of the Complaint are denied, except that the GLOBETROTTER II was operating in the Gulf of Mexico during the week of August 23, 2021 when Hurricane Ida developed—including on August 29, 2021 when it made landfall. In addition, it is specifically denied that the strength of this storm was unforeseen or unexpected as the warnings alerting to its strength were issued days in advance.

7. The allegations contained in Paragraph 7 of the Complaint are admitted.

8. The allegations contained in Paragraph 8 of the Complaint are admitted insofar as the Complaint was filed within six months of the underlying incident, which occurred on or about August 28, 2021. The balance of Paragraph 8 is denied for lack of sufficient information to justify a belief therein.

9. The allegations contained in Paragraph 9 of the Complaint are denied.

10. The allegations contained in Paragraph 10 of the Complaint are admitted insofar as many individuals and contracting parties have sustained injuries and damages as result of the Complainants' negligent navigation and operation of the GLOBETROTTER II. The balance of Paragraph 10 is denied for lack of sufficient information to justify a belief therein.

11. The allegations contained in Paragraph 11 of the Complaint do not require a response from Claimant. To the extent a response is required, however, those allegations are admitted.

12. The allegations contained in Paragraph 12 of the Complaint do not require a response from Claimant. To the extent a response is required, however, those allegations are admitted.

13. The allegations contained in Paragraph 13 of the Complaint are not statements of fact, but conclusions of law, as to which no response is necessary from Claimant. If a response is deemed necessary, however, those allegations are denied.

14. The allegations contained in Paragraph 14 of the Complaint are denied for lack of sufficient information to justify a belief therein. In addition, Claimant reserves his right to contest and demand proof of the value of the GLOBETROTTER II, the Complainants' interest in the vessel, and the GLOBETROTTER's pending freight for the subject voyage.

15. The allegations contained in Paragraph 15 of the Complaint do not require a response from Claimant. To the extent a response is required, however, those allegations are denied. The sufficiency and/or adequacy of the Complainants' security is specifically denied.

16. The allegations contained in Paragraph 16 of the Complaint are denied and any suggestion that the Complainants are entitled to any relief whatsoever, including limitation of liability, is denied. In addition, the sufficiency and/or adequacy of the Complainants' security is specifically denied.

17. The allegations contained in Paragraph 17 of the Complaint are denied and any suggestion that the Complainants are entitled to any relief whatsoever, including pro rata sharing of recoverable damages, is denied.

18. The allegations contained in Paragraph 18 of the Complaint are not statements of fact, but conclusions of law, as to which no response is necessary from Claimant. If a response is deemed necessary, however, those allegations are admitted insofar as Claimant does not contest that jurisdiction is proper in this Court. The balance of Paragraph 18 suggesting that the Complainants are entitled to any relief whatsoever is denied.

19. Any allegation not expressly admitted herein is denied.

## **CLAIMS OF CLAIMANT**[2]

**AND NOW**, specifically reserving all defenses asserted herein, including without limitation, the validity of the limitation proceeding and the adequacy of the limitation fund, Claimant files his Claims in connection with the Complaint and states as follows:

**A.  BACKGROUND FACTS**

1. Claimant is a Jones Act seaman employed by Bully 1 (Switzerland) GmbH and/or Noble Drilling (U.S.) LLC and brings these claims in his own right.

2. This lawsuit is necessary due to personal injuries inflicted upon Claimant. The injuries occurred as a result of an August 28, 2021 incident in navigable waters at the Louisiana shore in the Gulf of Mexico. Claimant was a member of the vessel's crew and was contributing to and aiding the vessel to accomplish its mission.

3. At all relevant times, the drillship vessel GLOBETROTTER II was deployed on navigable waters, working in the Gulf of Mexico for the benefit, and at the direction of, Bully 1 (Switzerland) GmbH and Noble Drilling (U.S.) LLC (collectively, "the Complainants"). Upon

---

[2] Claimant has previously filed a lawsuit against the alleged owners and operators of the GLOBETROTTER II. Claimant reserves all claims, allegations, and rights against Complainants, as well as all third parties, and the filing of this claim is in no way a waiver of such claims, allegations, and/or rights. Claimant additionally reserves his right to proceed concurrently against parties other than the Complainants.

9

information and belief, the GLOBETROTTER II is owned, operated, managed, crewed by, and was at relevant times under the care, custody, and control of the Complainants.

4. At all relevant times, the GLOBETROTTER II was located in the State of Louisiana and was performing business in the State of Louisiana.

5. In the days leading up to the incident, Hurricane Ida entered the Gulf of Mexico, taking am at the Louisiana shore. Despite and in direct defiance of the National Hurricane Center's forecast alerting about the storm's gathering strength, the Complainants ordered and required that the GLOBETROTTER II continue to be operated.

6. Due to the Complainants' orders and their chosen course, the GLOBETROTTER II unlatched and headed directly into Hurricane Ida—ending up within mere 10 miles from the storm's eyewall.

7. By virtue of being aboard the GLOBETROTTER II on August 28, 2021, Claimant was exposed to 150 mile per hour winds and 80-foot swells. During the dangerous storm, ferocious sea tossed the crew around and threw them into walls. In fact, the GLOBETROTTER II was swaying so severely side-to-side that the crew was forced to walk on walls. This sway was so extreme that the GLOBETROTTER II almost capsized several times. The entire crew, including the Claimant, believed that they were going to die.

8. On the date of the incident, Claimant was working aboard the GLOBETROTTER II to perform operations. The incident happened during his performance of these operations, causing him to sustain serious injuries to his body, causing physical, emotional, and mental injury.

B. **NEGLIGENCE OF THE COMPLAINANTS**

9. Claimant repeats, re-alleges, and readopts all paragraphs above, as if stated verbatim herein, and further allege:

10. The Complainants owed a duty to act reasonably in the operation, navigation, and maintenance of the GLOBETROTTER II. The Complainants breached their duties and were negligent, negligent per se, and grossly negligent for the following non-exclusive reasons:

 a. Failure to have the vessel moored in a safe area;

 b. Failure to properly and timely moor the GLOBETROTTER II and its equipment;

 c. Failure to properly and timely secure the GLOBETROTTER II and its equipment;

 d. Failure to provide Claimant with adequate safety from storms and Hurricane Ida;

 e. Failure to provide Claimant with a safe working environment under the Jones Act;

 f. Failure to timely and effectively evacuate the vessel;

 g. Failure to operate the vessel in a safe and proper manner;

 h. Failure to warn Claimant of hidden dangers;

 i. Failure to avoid obviously dangerous decisions that directly placed the crew in peril;

 j. Failure to keep a proper lookout;

 k. Failure to properly supervise their employees, agents and/or contractors;

 l. Failure to provide adequate training to their employees, agents and/or contractors;

 m. Failure to adequately man the vessel;

 n. Operating the vessel with an inadequate crew;

 o. Failure to provide adequate safety equipment;

 p. Failure to properly maintain, inspect, and/or repair the vessel's and/or the vessel's equipment;

 q. Failure to maintain safe mechanisms for work on the vessel;

 r. Unsafe and/or lack of safe policies, procedures, and training;

      s.   Failure to exercise due care and caution;

      t.   Failure to provide adequate warning;

      u.   Failure to provide adequate medical treatment;

      v.   Failure to avoid this incident;

      w.   Vicariously liable for their employees' and/or agents' acts and/or omissions;

      x.   Violating their own safety rules, policies, and regulations;

      y.   Violating applicable Coast Guard regulations, OSHA, BSEE rules, and/or other applicable rules and regulations; and

      z.   Committing other acts deemed negligent and grossly negligent.

11.   At all relevant times, the GLOBETROTTER II was unseaworthy.

12.   In addition, the Complainants are strictly liable for violations of Coast Guard regulations.

13.   These injury-causing actions occurred within the Complainants' privity and knowledge.

14.   As a direct and proximate result of the Complainants' actions and breaches, Claimant suffered severe and permanent injuries. The Complainants are liable to Claimant for the following damages:

      a.   Compensatory damages;

      b.   Actual damages;

      c.   Consequential damages;

      d.   Exemplary damages;

      e.   Punitive damages;

      f.   Past and future medical damages;

    g. Past and future loss of earning capacity;

    h. Past and future physical pain and suffering;

    i. Past and future mental pain, suffering, and anguish;

    j. Past and future impairment;

    k. Past and future disfigurement;

    l. Past and future economic loss;

    m. Loss of household services;

    n. Past and future loss of consortium;

    o. Past and future maintenance and cure obligations;

    p. Interest on damages (pre- and post-judgment) in accordance with the law;

    q. Recoverable court costs;

    r. Attorney fees; and

    s. Such other and further relief as the Court may deem just and proper.

15. Claimant prays that after due proceedings are had:

    a. The Complaint be dismissed and the injunction or restraining order granted in this matter be dissolved;

    b. Alternatively, the Complainants be required to deposit additional security in the minimum amount required by law for the full value of all vessels in the flotilla that were under the common operational control and supervision and engaged in a common enterprise, and that said security be, by way of cash, deposited into the registry of the Court or a bond issued by a surety approved by the Court and be based upon an appraisal issued by a commissioner appointed by the Court; in default of which the Complaint be dismissed; and pending such deposit, any injunction and/or restraining order be dissolved;

c. Subject to and without waiver of the Claimant's right to seek and invoke all available claims and remedies in the forum of their choice, there be judgment rendered herein in favor of Claimant and against the Complainants, both jointly and severally, for all damages as are reasonable in the premises, together with the maximum legal interest thereon from the date of the accident until paid and for all costs of this proceeding;

d. Claimant be allowed to proceed and prosecute his claims without pre-payment of costs; and

e. The Court award all such other and future relief to which Claimant may be entitled until law and in equity.

16. Claimant demands a trial by jury to the full extent permitted by law, while still reserving his rights to have his claims against non-Complainant parties decided by a jury, including damages and non-limitation issues separately, as they relate to the Complainants.

    Respectfully submitted,

    ARNOLD & ITKIN LLP

    */s/ Kyle Findley*
    Kurt B. Arnold
    SBN: 24036150
    karnold@arnolditkin.com
    J. Kyle Findley
    SBN: 24076382
    kfindley@arnolditkin.com
    John G. Grinnan
    SBN: 24087633
    jgrinnan@arnolditkin.com
    6009 Memorial Drive
    Houston, Texas 77007
    Tel: 713.222.3800
    Fax: 713.222.3850
    cdeleon@arnolditkin.com
    e-service@arnolditkin.com
    **ATTORNEYS FOR CLAIMANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to all counsel of record in accordance with the Texas Rules of Civil Procedure on this 14th day of April, 2022.

<i>/s/ Kyle Findley</i><br>
Kyle Findley