UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF BULLY 1 (SWITZERLAND) GMBH, AS OWNER AND NOBLE DRILLING (U.S.) LLC, AS OWNER *PRO HAC VICE*, OF THE *GLOBETROTTER II* | * * * * * * * * * * | C.A. NO: 6:22-cv-0566<br><br>JUDGE ROBERT R. SUMMERHAYS<br><br>MAGISTRATE JUDGE CAROL B. WHITEHURST |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **ANSWER TO LIMITATION COMPLAINT, CLAIM, CROSS-CLAIM AND THIRD-PARTY COMPLAINT OF FIDELIS U. OKORO**

NOW COMES, **FIDELIS U. OKORO**, a person of the full age of majority, who for his Answer, Affirmative Defenses, and Claim in response to the Complaint for Exoneration from or Limitation of Liability filed by Petitioners, BULLY 1 (SWITZERLAND) GMBH (hereinafter referred to as "BULLY 1"), as Owner, and NOBLE DRILLING (U.S.) LLC (hereinafter referred to as "NOBLE DRILLING"), as Owner *Pro Hac Vice*, of the GLOBETROTTER II (collectively referred to as "Petitioners"), and would show the court the following:

### **ANSWER**

#### **First Defense**

The Limitation Complaint fails to state a claim, right, or cause of action upon which relief may be granted.

#### **Second Defense**

The Limitation Plaintiffs lack standing to see application of the Limitation Act, 46

1

U.S.C. § 30501, *et seq*., to the claims made against it.

### Third Defense

AND NOW, specifically reserving all defenses asserted herein, including without limitation, Claimant's, FIDELIS U. OKORO's, right to pursue his claims in state court pursuant to the Savings to Suitors Clause, 28 U.S.C. §1333, and all state law remedies, Claimant files his Answer in this proceeding, and avers as follows:

1.

The allegations contained in Paragraph 1 of the Complaint are denied for lack of sufficient information to justify a belief therein.

2.

The allegations contained in Paragraph 2 of the Complaint are denied for lack of sufficient information to justify a belief therein.

3.

The allegations contained in Paragraph 3 of the Complaint are denied for lack of sufficient information to justify a belief therein. In addition, Claimant specifically reserves his right to contest and demand proof of Petitioners' status as the "owner" and/or "*owner pro hac vice*" of the GLOBETROTTER II. Claimant further denies that Petitioners are entitled to any relief, including limitation of liability.

4.

The allegations contained in Paragraph 4 of the Complaint are denied for lack of sufficient information to justify a belief therein.

5.

The allegations contained in Paragraph 5 of the Complaint are denied.

6.

The allegations contained in Paragraph 6 are denied, except that the GLOBETROTTER II was operating in the Gulf of Mexico during the week of August 23, 2021 when Hurricane Ida developed—including on August 29, 2021 when it made landfall. In addition, it is specifically denied that the strength of this storm was unforeseen or unexpected as the warnings alerting to its strength were issued days in advance.

7.

The allegations contained in Paragraph 7 of the Complaint are admitted.

8.

The allegations contained in Paragraph 8 are denied for lack of sufficient information to justify a belief therein.

9.

The allegations contained in Paragraph 9 of the Complaint are denied.

10.

The allegations contained in Paragraph 10 of the Complaint are admitted insofar as many individuals and contracting parties have sustained injuries and damages as a result of the Complainants' negligent navigation and operation of the GLOBETROTTER II. The remaining allegations of Paragraph 10 are denied for lack of sufficient information to justify a belief therein.

11.

The allegations contained in Paragraph 11 do not require a response from Claimant.

The allegations are admitted to the extent a response is required.

12.

The allegations contained in Paragraph 12 do not require a response from Claimant. The allegations are admitted to the extent a response is required.

13.

The allegations contained in Paragraph 13 state conclusions of law for which no response is required from Claimant. The allegations are denied to the extent a response is deemed necessary.

14.

The allegations contained in Paragraph 14 of the Complaint are denied for lack of sufficient information to justify a belief therein. In addition, Claimant reserves his right to contest and demand proof of the value of the GLOBETROTTER II, the Petitioners' interest in the vessel, and the GLOBETROTTER's pending freight for the subject voyage.

15.

The allegations contained in Paragraph 15 of the Complaint do not require a response from Claimant. To the extent a response is required, however, those allegations are denied. The sufficiency and/or adequacy of the Petitioners' security is specifically denied.

16.

The allegations contained in Paragraph 16 of the Complaint are denied and any suggestion that the Petitioners are entitled to any relief whatsoever, including limitation of liability, is denied. In addition, the sufficiency and/or adequacy of the Petitioners' security

is specifically denied.

17.

The allegations contained in Paragraph 17 of the Complaint are denied and any suggestion that the Petitioners are entitled to any relief whatsoever, including pro rata sharing of recoverable damages, is denied.

18.

The allegations contained in Paragraph 18 contain conclusions of law for which no response is required. To the extent a response is deemed necessary, the allegations are admitted insofar as jurisdiction is proper in this Court. Claimant denies that Petitioners are entitled to any relief.

19.

Any allegations contained in the Complaint, including those contained in the prayer for relief and/or any unnumbered paragraphs, not specifically admitted are hereby denied.

## Fourth Defense

The Limitation Plaintiffs are not entitled to exoneration from or limitation of liability under the Limitation Act, 46 U.S.C. § 30501, *et seq.*, and the various statutes supplementing/amending that Act and/or the provisions of Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims. The fault, negligence and/or unseaworthiness of the GLOBETROTTER II and all negligent acts leading up to the occurrence of the casualty were within the privity and knowledge of the officers and managers of the Petitioners, *i.e.*, the owners, operators, charterers, and managers of the vessel. As such, the Complaint should be dismissed with prejudice.

### Fifth Defense

The Petitioners' Ad Interim Stipulation for Value and security are inadequate, insufficient and understate and undervalue the Petitioners' interest in the GLOBETROTTER II and its pending freight.

### Sixth Defense

The Limitation of Liability Act, 46 U.S.C. § 30501 *et. seq.* is unconstitutional in that it deprives the Respondent/Claimant of property rights without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and does not provide for equal protection of the laws pursuant to the Fifth and Fourteenth Amendments to the United States Constitution.

### Seventh Defense

The Limitation of Liability Act, 46 U.S.C. § 30501, *et. seq.* is unconstitutional in that it deprives the Respondent/Claimant of the right to a trial by jury, guaranteed by the Seventh Amendment to the Constitution of the United States and other applicable laws.

### Eighth Defense

The limitation fund is inadequate, and the Complaint should be dismissed because Petitioners have failed to deposit adequate security for the vessel identified in the Complaint for Exoneration from or Limitation of Liability. Pursuant to Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims, the proper limitation fund must be deposited at the time of filing. Petitioners' deposit, at the time of filing, did not meet federal standards. As such, this limitation action must be dismissed.

### Ninth Defense

The Limitation of Liability Act is not applicable to the instant case because at all times pertinent herein, the vessel was operated in a willful, wanton, and reckless manner or, in the alternative, the conduct and actions which lead to Claimant/Respondent's injuries took place with the privity and knowledge of the owners, managing owners, owners pro hac vice, and/or operators of the vessels involved.

### Tenth Defense

To the extent Petitioners' insurers attempt to avail themselves of the limitation/exoneration defense, Respondent/Claimant asserts that the Limitation of Liability Act is unavailable to insurers of vessel owners under the circumstances. In the alternative, no *prima facie* case has been made establishing any insurer(s) is entitled to avail themselves of the Limitation of Liability Act.

### Eleventh Defense

The Complaint for Exoneration from or Limitation of Liability contains vague and ambiguous statements which are objectionable under Federal Rule of Civil Procedure 12(e), and Respondent/Claimant seeks more definitive statements of the allegations, regardless of the nature, manner, and extent of his Answer and Claim herein.

### Twelfth Defense

The events culminating in the injuries of Claimant were the result of the negligence, fault, or want of due care on the part of Petitioners and/or those for whom Petitioners are responsible under common operational control, supervision, and enterprise, all of which was within the privity and knowledge of Petitioners, for which the Complaint for Exoneration from of Limitation of Liability should be denied.

**Thirteenth Defense**

Claimant further alleges that there was insurance coverage on the vessel insuring Petitioners in the event of an occurrence such as that which is the subject of Respondent/Claimant's claims, and the proceeds of said insurance policy should be included in this limitation proceeding (in the event the Court determines these limitation proceedings are appropriate).

**Fourteenth Defense**

Claimant states that the proceeds of any judgment, award, or settlement which may be received by Petitioners from any third party in recompense of any losses or damages sustained herein to the property or interests of Petitioners, as a result of the fault or alleged fault of said third party, must be included in the limitation fund.

**Fifteenth Defense**

In filing this Answer and Claim, Claimant specifically reserves all rights to pursue all available claims in state court for resolution of any and all issues beyond the exclusive jurisdiction of this Admiralty Court pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333, and all state law remedies. The filing of this Answer and Claim is in no way a waiver of this right and defense, and Claimant is not agreeing to join all issues in this proceeding by filing this Answer and Claim.

**Sixteenth Defense**

Claimant specifically reserves all rights to pursue all available claims in the forum of his choice for resolution of any and all issues beyond the exclusive jurisdiction of this admiralty court pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333, and all

remedies, and no part of this Answer and Claim is a waiver of this defense or these rights. Respondent/Claimant will move the Court to lift the injunction and stay of proceedings in other forums. *See In re Tetra Applied Tech., L.P.*, 362 F.3d 388 (5th Cir. 2004). Further, pursuant to the holdings of *In re Liverpool, etc. Nav. Co. (Vestris)*, 57 F.2d 176, 179 (2d Cir. 1932) and *The Silver Palm*, 94 F.2d 776, 780 (9th Cir. 1937), upon Claimant's failure to obtain relief in this limitation action (should resolution of this action precede judgment in other actions), Claimant hereby asserts and claims his right to have his claims and damages tried to a jury in the court of his choosing.

### Seventeenth Defense

The purpose of a limitation action is to provide a single forum for determining whether the vessel and its owner are liable at all, whether the owner may in fact limit liability to the value of the vessel and pending freight, and how the funds are to be distributed to the claimant(s). *See* 46 U.S.C. § 30501, *et seq.*; *see also* THOMAS J. SCHOENBAUM, ADMIRALTY AND MARITIME LAW 2nd Ed. § 13-5 (1994). Because of the nature and circumstances of this action, a limitations proceeding is inappropriate and unjustified.

### Eighteenth Defense

Claimant reserves the right to contest the appraisal value of the vessel, the "GLOBETROTTER II", its engines, apparel, appurtenances, pending freight, etc., and the adequacy of the security.

### Nineteenth Defense

The limitation fund is inadequate and should be increased and/or this action should

be dismissed because the limitation fund does not properly account for the value of the other appurtenances, attachments, freight and/or cargo aboard the vessel, subject to the control of the vessel, and/or owned by the Petitioners.

## Twentieth Defense

The protection and indemnity insurer of the Petitioners is not accorded the right by statute to invoke limitation of liability.

## Twenty-First Defense

Claimant reserves the right to move for bifurcation of this action so the only issues of fact decided by this Court are whether the Petitioners were negligent, whether the vessel was unseaworthy, and whether such negligence/unseaworthiness were within the privity and/or knowledge of the Complainants. All other fact issues shall be decided in a court and/or forum of Claimant's choosing as is the Claimant's rights under the Saving to Suitors clause and the Jones Act.

## CLAIMS AND THIRD-PARTY CLAIMS

### I.

Defendant, **NOBLE DRILLING (U.S.) LLC**, a foreign corporation authorized to do business in Louisiana and doing business within the State of Louisiana and within the jurisdiction of this Honorable Court, is indebted unto plaintiff for all damages to which he is entitled to receive as prayed for herein, together with legal interest thereon from date of judicial demand until paid and for all costs of these proceedings for the following, non-exclusive, acts of negligence, as more specifically set forth below.

### II.

Defendant, **BULLY 1 (SWIZTERLAND) GMBH**, a foreign corporation authorized to do business in Louisiana and doing business within the State of Louisiana and within the jurisdiction of this Honorable Court, is indebted unto plaintiff for all damages to which he is entitled to receive as prayed for herein, together with legal interest thereon from date of judicial demand until paid and for all costs of these proceedings for the following, non-exclusive, acts of negligence, as more specifically set forth below.

### III.

Defendant, **SHELL USA, INC.**, a foreign corporation authorized to do business in Louisiana and doing business within Louisiana and within the jurisdiction of this Honorable Court, is indebted unto plaintiff for all damages to which he is entitled to receive as prayed for herein, together with legal interest thereon from date of judicial demand until paid and for all costs of these proceedings for the following, non-exclusive, acts of negligence, as more specifically set forth below.

### IV.

Defendant, **SHELL OFFSHORE, INC.** a foreign corporation authorized to do business in Louisiana and doing business within Louisiana and within the jurisdiction of this Honorable Court, is indebted unto plaintiff for all damages to which he is entitled to receive as prayed for herein, together with legal interest thereon from date of judicial demand until paid and for all costs of these proceedings for the following, non-exclusive, acts of negligence, as more specifically set forth below.

### V.

Jurisdiction of this Court is invoked under General Maritime Law and the savings

to suitors clause.

## VI.

On or about August 29, 2021, **FIDELIS U. OKORO** was employed by Halliburton aboard the GLOBETROTTER II.

## VII.

At all pertinent times hereto **NOBLE DRILLING (U.S.) LLC** and/or **BULLY 1 (SWIZTERLAND) GMBH** owned, operated and/or controlled the GLOBETROTTER II which was at all pertinent times a vessel in navigation.

## VIII.

At all pertinent times hereto, **SHELL USA** and/or **SHELL OFFSHORE** were the owners and operators of the P012 well located in Mississippi Canyon Block 809, who contracted with the Petitioners in Limitation to conduct well operations at said well. **SHELL USA** and/or **SHELL OFFSHORE** exercised control and oversight of the operation and possessed information showing that the area in which operations were being conducted was directly in the path of the incoming Hurricane Ida.

## IX.

On or about August 29, 2021, plaintiff **FIDELIS U. OKORO** was made to ride out Hurricane Ida aboard the vessel which resulted in serious painful injuries to his head, neck and other parts of his body, as well as permanent emotional damages. This resulted in days at sea, fear for his life, physical injuries, and other now permanent conditions all because of the conditions created by **NOBLE, BULLY 1**, **SHELL USA,** and/or **SHELL OFFSHORE.**

**X.**

On information and belief, Plaintiff alleges that the sole and proximate cause of the above-described accident was the negligence of **BULLY 1 (SWIZTERLAND) GMBH, NOBLE DRILLING (U.S.) LLC** and/or **SHELL USA, INC.** in the following, non-exclusive respects:

1. Failing to provide for the safety of the crew including Plaintiff;

2. Failure to provide a reasonably safe place to work;

3. Failure to properly monitor weather conditions and avert the Hurricane;

4. Failure to take any means or precautions necessary for the safety of the crew and plaintiff aboard the vessel including evacuating the plaintiff, providing safety through the Hurricane to the plaintiff, alerting plaintiff's wife of his condition aboard the vessel at all times, and other acts which could have avoided or mitigated the damages suffered by Plaintiff;

5. Creation and maintenance of an unseaworthy vessel;

6. Allowing the vessel to remain at sea during Hurricane Ida, putting all the crew in damager including Plaintiff;

7. Ignoring weather alerts which should have alerted the defendants to immediately evacuate the crew and/or relocate the vessel;

8. Failing to have proper plans and policies in place to avert the damages suffered by Plaintiff;

9. Failing to have a competent Master, pilot, and/or crew;

10. Failing to have safe policies and procedures for mitigating against the risks of a hurricane and for evacuating personnel during adverse weather and sea conditions;

11. Having a crack in the hull of the vessel, which allowed water into certain compartments;

12. Malfunctioning equipment on deck used to pull the risers;

13. Lacking adequate safety equipment and gear to protect the crew;

14. Failing to follow operational T-times already calculated relative to well operations and the extreme weather event;

15. Inadequate planning preventing the drill crew from pulling equipment in time for the GLOBETROTTER II and its crew to evade and evacuate Hurricane Ida;

16. Deciding to crew change during operations with severe weather approaching delayed an operation already hours behind schedule and resulted in a failed evacuation and evade attempt;

17. Equipment breakdowns and stuck riser bolts causing further delays;

18. Failing to provide proper and adequate equipment to the captain and his fellow crew members to properly perform their duties and/or properly navigate the vessel during the severe weather conditions;

19. Failing to maintain the vessel and its appurtenances and/or equipment in a safe and reasonable state of repair;

20. Other acts of negligence and unseaworthiness which will be shown at the trial of this matter.

## XI.

As a direct result of the negligence of the defendants and the unseaworthiness of the vessel, Plaintiff, **FIDELIS U. OKORO** is entitled to recover from the Defendants reasonable and just compensatory, special and general damages as prayed for herein and to be awarded by this Honorable Court in the following non-exclusive respects:

1. Past, present and future physical, mental and emotional pain and suffering including documented and permanent PTSD;

2. Past, present and future loss of wages, fringe benefits and wage earning capacity;

3. Past and future physical disability;

4. Past, present and future medical expenses; and

5.  All other special and general damages as will be shown at the trial of this matter.

## XII.

Pursuant to the General Maritime Law of the United States of America, Claimant asserts a claim for punitive damages as against Defendants herein for their gross, reckless conduct which was in high disregard for the safety and lives of the plaintiff and other crew members. Such negligence was gross wanton and willful and rises to the level justifying punitive damage sunder maritime law. Such acts include but are not limited to: knowing the conditions the crew would experience during such a significant Hurricane and yet still making a conscious decision to leave the crew aboard; ignoring best safety practices in the industry and evacuating the crew and plaintiff well prior to the Hurricane; failing to take advantage of opportunities to evacuate the crew and plaintiff prior to the Hurricane; once riding out the Hurricane, failing to ensure for the safety of the vessel; and other acts of gross, willful conduct which disregarded the safety of plaintiff.

## XIII.

Plaintiff prays for a trial by jury on all issues raised herein.

**WHEREFORE,** Claimant prays that **BULLY 1 (SWIZTERLAND) GMBH, NOBLE DRILLING (U.S.) LLC., SHELL USA, INC., SHELL OFFSHORE, INC.** be duly cited to appear and answer this Claim and after the legal delays and due proceedings had, that the Limitation Complaint of BULLY 1 (SWIZTERLAND) GMBH, NOBLE DRILLING (U.S.) LLC. AND SHELL USA, INC. be denied, that Judgment herein in favor of the Claimant, **FIDELIS U. OKORO** and against the **BULLY 1 (SWIZTERLAND)**

**GMBH, NOBLE DRILLING (U.S.) LLC., SHELL USA, INC.,** and **SHELL OFFSHORE, INC.** for all damages to which the Claimant is entitled to recover for the reasons set forth herein, together with legal interest thereon from date of judicial demand until paid, for payment of all costs, including expert fees, and for all other general and equitable relief.

AND FOR ALL GENERAL AND EQUITABLE RELIEF.

Respectfully submitted,

*/s/ Timothy J. Young*_____
TIMOTHY J. YOUNG (22677)
TAMMY D. HARRIS (29896)
MEGAN C. MISKO (29803)
JOSEPH B. MARINO, III (29966)
The Young Firm
400 Poydras Street, Suite 2090
New Orleans, Louisiana 70130
Telephone (504) 680-4100
Facsimile (504) 680-4101
tjy@theyoungfirm.com
tdh@theyoungfirm.com
mcm@theyoungfirm.com
jbm@theyoungfirm.com
*Attorneys for Claimant, Fidelis U. Okoro*

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing has been served on all counsel of record, by electronic means or depositing same in the U.S. Mail, properly addressed and postage prepaid, this 14th day of April, 2022.

                                                  */s/ Timothy J. Young*_____
                                                   TIMOTHY J. YOUNG