# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAFAYETTE DIVISION

| | |
|---|---|
| IN THE MATTER OF BULLY 1 (SWITZERLAND) GMBH, AS OWNER, AND NOBLE DRILLING (U.S.) LLC, AS OWNER *PRO HAC VICE*, OF THE *GLOBETROTTER II* | CIVIL ACTION NO. 6:22-CV-00566<br><br>JUDGE ROBERT SUMMERHAYS<br><br>MAG. JUDGE CAROL WHITEHURST |

---

**ANSWER AND AFFIRMATIVE DEFENSES OF DERRICK G. BROOKS TO VERIFIED COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

**CLAIMS OF DERRICK G. BROOKS AGAINST PETITIONERS PURSUANT TO THE JONES ACT AND THE GENERAL MARITIME LAW**

**AND**

**THIRD PARTY CLAIMS OF DERRICK G. BROOKS AGAINST SHELL USA, INC. AND SHELL OFFSHORE, INC.**

---

Claimant, Derrick G. Brooks, hereby responds to the allegations of Petitioners, Bully 1 (Switzerland) GmbH and Noble Drilling (U.S.) LLC, in their Verified Complaint (Rec. Doc. 1) and asserts his claims as follows:

**I.**   **Answer and Affirmative Defenses to Verified Complaint for Exoneration from or Limitation of Liability**

Claimant responds to the enumerated allegations of the Verified Complaint as follows, subject to Claimant's affirmative defenses and claims set forth herein:

1. Paragraph 1 of the Verified Complaint is denied for lack of sufficient information to justify a belief therein.

2. Paragraph 2 of the Verified Complaint is denied for lack of sufficient information to justify a belief therein.

3.  Paragraph 3 of the Verified Complaint is denied to the extent it alleges that Petitioners are afforded to the protections of the Limitation of Liability Act.  The remaining allegations of paragraph 3 of the Verified Complaint are denied for lack of sufficient information to justify a belief therein.

4.  Claimant admits that GLOBETROTTER II was a drillship.  The remaining allegations of paragraph 4 of the Verified Complaint are denied for lack of sufficient information to justify a belief therein.

5.  Paragraph 5 of the Verified Complaint is denied.

6.  Claimant admits that GLOBETROTTER II was operating in Mississippi Canyon Block 809 of the Gulf of Mexico to drill the Princess P-12 well during the week of August 23, 2021.  Paragraph 6 of the Verified Complaint is denied to the extent it alleges that the storm's intensity, speed, and direction were not expected or foreseen. Paragraph 6 of the Verified Complaint is denied to the extent it alleges that the unforeseen complications were experienced by GLOBETROTTER II when trying to unlatch and evade the storm.  The remaining allegations of paragraph 6 of the Verified Complaint are denied for lack of sufficient information to justify a belief therein.

7.  Claimant admits that wind and waves from Hurricane Ida impacted GLOBETROTTER II on August 29, 2021 and that claims/lawsuits have been filed against Petitioners for the injuries and damages alleged in such lawsuits.  Claimant admits that GLOBETROTTER II was operating in Mississippi Canyon Block 809 of the Gulf of Mexico during the week of August 23, 2021.  The remaining allegations

of paragraph 7 of the Verified Complaint are denied for lack of sufficient information to justify a belief therein.

8.  Paragraph 8 of the Verified Complaint is denied for lack of sufficient information to justify a belief therein.

9.  Paragraph 9 of the Verified Complaint is denied.

10.  Claimant admits that several individuals alleged injuries and losses out of the incident involving the GLOBETROTTER II.  The remaining allegations of paragraph 10 of the Verified Complaint are denied for lack of sufficient information to justify a belief therein.

11.  Paragraph 11 of the Verified Complaint appears to not require a response from Claimant.  To the extent a response is deemed necessary, the allegations of paragraph 11 of the Verified Complaint are denied for lack of sufficient information to justify a belief therein.

12.  Claimant admits that he has made Petitioners aware of his intention to bring claims against them.  The remaining allegations of paragraph 12 of the Verified Complaint are denied for lack of sufficient information to justify a belief therein.

13.  Claimant admits that this Honorable Court is a proper venue for this litigation.  The remaining allegations of paragraph 13 of the Verified Complaint are denied for lack of sufficient information to justify a belief therein.

14.  While Claimant acknowledges that a document alleging a post-incident value has been attached to the Verified Complaint, Claimant denies the alleged valuation is comprehensive, the validity of the value stated, and any other factual allegations of paragraph 14 of the Verified Complaint.

**15.** Paragraph 15 of the Verified Complaint appears to not require a response from Claimant.  To the extent a response is deemed necessary, Claimant denies the sufficiency of the sum submitted and the Letter of Undertaking, that the sum submitted represents the total value of GLOBETROTTER II, its appurtenances, and then pending freight, and any other factual allegations of paragraph 15 of the Verified Complaint.

**16.** Paragraph 16 of the Verified Complaint appears to not require a response from Claimant.  To the extent a response is deemed necessary, Claimant denies that Petitioners are entitled to the relief sought and any other factual allegations of paragraph 16 of the Verified Complaint.

**17.** Paragraph 17 of the Verified Complaint appears to not require a response from Claimant.  To the extent a response is deemed necessary, Claimant denies that Petitioners are entitled to the relief sought and any other factual allegations of paragraph 18 of the Verified Complaint.

**18.** Plaintiff admits that Petitioners' claims for exoneration and limitation fall within the admiralty and maritime jurisdiction of this Court.  Claimant denies any other factual allegations of paragraph 18 of the Verified Complaint and denies any implication that Petitioners' recitation of Rule 9(h) deprives him of a right to a trial of his claims by jury.

Petitioners' Prayer:  To the extent a response to Petitioners' prayer for relief is deemed necessary, Claimant denies all factual allegations contained therein and that Petitioners are entitled to the relief they request.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

While this Court sitting in admiralty is the proper trier of fact for determining the merits of Petitioners' invalid claims for exoneration and limitation, Claimant is a Jones Act seaman who is entitled to have his claims for damages and any other matter outside the scope of Petitioners' claims for exoneration and limitation determined by a jury.

## THIRD AFFIRMATIVE DEFENSE

The unseaworthiness of GLOBETROTTER II, its master, crew, equipment, appurtenances, and gear were a direct and proximate cause of any and all damages suffered by Claimant, and that unseaworthiness was within the privity or knowledge (actual or constructive) of Petitioner(s), its or their owners, its or their management, and/or those for which it or they is/are deemed responsible prior to the commencement of the vessel's voyage and during the time of the vessel's voyage.

## FOURTH AFFIRMATIVE DEFENSE

The negligence of GLOBETROTTER II, its master, crew, equipment, appurtenances, gear, dispatchers, spotters, management, and owners were a direct and proximate cause of any and all damages suffered by Claimant, and that negligence was within the privity or knowledge (actual or constructive) of Petitioner(s), its or their owners, its or their management, and/or those for which it or they is/are deemed responsible prior to the commencement of the vessel's voyage and during the time of the vessel's voyage.

## FIFTH AFFIRMATIVE DEFENSE

Petitioners are not entitled to exoneration from liability or to the limitation of liability under 46 U.S.C. §§ 30501, *et seq*.

## SIXTH AFFIRMATIVE DEFENSE

Even if Petitioners would be entitled to limit their liability as pled, which is and has been affirmatively denied, the limitation fund created by Petitioners is grossly insufficient.  It is improperly based upon the incorrect value of the GLOBETROTTER II, its appurtenances, and its then pending freight, which is inadequate its appurtenances, and its then pending freight, which is inadequate under the law and, in this case, so inadequate that it renders the claims asserted in the Verified Complaint frivolous.

## SEVENTH AFFIRMATIVE DEFENSE

Petitioners are not entitled to exoneration from liability or to the limitation of liability, because Petitioners' reckless, grossly negligent, and/or intentional conduct caused Claimant's injuries, and, although not required, that conduct was within the privity or knowledge (actual or constructive) of Petitioner(s), its or their owners, its or their management, and/or those for which it or they is/are deemed responsible prior to the commencement of the vessel's voyage and during the time of the vessel's voyage..

## EIGHTH AFFIRMATIVE DEFENSE

The provisions of 46 U.S.C. §§ 30501, *et seq*., are unconstitutional and invalid under the Constitution of the United States of America and, as such, cannot be used by Petitioners to exonerate themselves from liability or to limit their liability to Claimant.

## NINTH AFFIRMATIVE DEFENSE

Petitioners have applicable insurance covering the claims made against it or them by Claimant herein, and neither the insurers nor the subject insurance coverage can enjoy the benefits of limitation or exoneration as pled by Petitioners.

## TENTH AFFIRMATIVE DEFENSE

Claimant's injuries and damages were not caused by any negligence, fault, action, or inaction of Claimant, and his recoverable damages may not be reduced in any way.

## ELEVENTH AFFIRMATIVE DEFENSE

Upon the dismissal or adjudication of Petitioners' meritless claims asserted herein, Claimant is entitled to pursue any and all claims he has or may acquire against Petitioners in the federal or state forum or venue of his choice, and he hereby reserves all rights to exercise that option.

## TWELFTH AFFIRMATIVE DEFENSE

The injunction issued by this Court in conjunction with Petitioners' claims herein should be lifted and dissolved, thereby allowing Claimant to pursue his claims against Petitioners in the federal or state forum or venue of his choice.

## THIRTEENTH AFFIRMATIVE DEFENSE

Petitioners' Verified Complaint should be dismissed because Petitioners failed to deposit adequate security for the vessel.

## FOURTEENTH AFFIRMATIVE DEFENSE

Any and all damages suffered by Claimant were caused solely by the negligence or other fault (active or passive) of Petitioners.

II.    **Claims of Derrick G. Brooks Pursuant to the Jones Act and the General Maritime Law**

Claimant, Derrick G. Brooks, an American seaman of the full age of majority, citizen of Louisiana, and resident within the Western District of Louisiana, hereby asserts his claims against Petitioners arising out of the voyage at issue as follows:

1.  On or about August 29, 2021, Claimant was a Jones Act seaman employed by Petitioner, Noble Drilling (U.S.), LLC, as a member of the crew and working as a derrickman aboard, and in the service and furtherance of the mission of, the GLOBETROTTER II.

2.  At the time, the GLOBETROTTER II was a vessel in navigation operating in waters of the Gulf of Mexico and performing exploration and well services in Mississippi Canyon Block 809 for Shell USA, Inc. (then known as Shell Oil Company) and/or Shell Offshore, Inc.

3.  At the time, GLOBETROTTER II was owned, operated, manned, managed, and/or controlled by Petitioners.

4.  On or about August 29, 2021, Claimant was aboard GLOBETROTTER II when GLOBETROTTER II was heavily damaged and nearly capsized several times due to its close proximity to Hurricane Ida in the Gulf of Mexico.

5.  The events and experiences of persons onboard GLOBETROTTER II during Hurricane Ida were extremely traumatic and caused injuries to Claimant.

6.  On account of these injuries, Claimant has suffered damages.

7.  Claimant's injuries and damages were caused by the unseaworthiness of GLOBETROTTER II and the negligent, grossly negligent, reckless, and/or intentional conduct of Petitioners.

**8.**  The unseaworthiness of GLOBETROTTER II and the negligent, grossly negligent, reckless, and/or intentional conduct of Petitioners occurred in the following non-exclusive ways:

**A.**  Failing to provide Claimant with a safe place to work;

**B.**  Failing to provide a vessel to the crew of GLOBETROTTER II that was reasonably fit for its intended use (i.e., seaworthy) at the time it encountered dangers associated with Hurricane Ida;

**C.**  Failing to properly operate and navigate GLOBETROTTER II under the circumstances;

**D.**  Failing to provide the crew of GLOBETROTTER II with proper or adequate equipment to safely operate and navigate the vessel;

**E.**  Failing to properly remedy one or more unreasonably dangerous conditions of or about GLOBETROTTER II;

**F.**  Failing to inspect, maintain, or repair GLOBETROTTER II and its appurtenances;

**G.**  Designing, creating, or permitting the existence of one or more unreasonably dangerous conditions of or about GLOBETROTTER II;

**H.**  Failing to secure and evacuate GLOBETROTTER II from the path of Hurricane Ida within a reasonable time;

**I.**  Failing to evacuate the crew of GLOBETROTTER II from the vessel before encountering the dangers associated with Hurricane Ida;

**J.**  Failing to do what should have been done to avoid the dangers associated with Hurricane Ida;

K.  Needlessly sending Claimant to the GLOBETROTTER II despite knowledge
that the storm system was approaching;

L.  Failing to use reasonable care under the circumstances in the days prior to,
and at the time, GLOBETROTTER II encountered Hurricane Ida;

M.  Failing to comply with warnings, advisories, and notices relating to the
dangers associated with Hurricane Ida;

N.  Failing to provide GLOBETROTTER II with a competent crew for the
dangers associated with Hurricane Ida;

O.  Giving unsafe orders and/or providing inadequate supervision to the crew of
GLOBETROTTER II;

P.  Failing to comply with international and governmental regulations (e.g., (e.g.,
USCG, OSHA, BSEE, SEMS, SOLAS, etc.), etc.) enacted for the safety of the
persons aboard GLOBETROTTER II;

Q.  Failing to comply with internal and industry standards, policies, rules,
guidelines, or other mandates at the relevant times;

R.  Failing to have an appropriate hurricane evacuation plan in place prior to the
subject incident and/or disregarding the contents and mandates of a Hurricane
evacuation plan;

S.  Failing to exercise reasonable care under the circumstances presented prior to,
and at the time of, Hurricane Ida; and

T.  Any and all other acts of negligence and/or fault established through
discovery and/or shown at the trial of this case.

9.  Claimant was not at fault in any way for causing his injuries or damages.

10

10. Petitioners are liable and/or strictly liable to Claimant for the damages he suffered as a result of said unseaworthiness and/or negligent, grossly negligent, reckless, and/or intentional conduct.

11. The damages suffered by Claimant for which Petitioners are liable include the following:

    A. Past and future physical pain and suffering;

    B. Past and future mental anguish, suffering, and emotional distress;

    C. Past and future disability;

    D. Past and future loss of enjoyment of life;

    E. Past and future loss of wages, earning capacity, fringe benefits, and other economic losses;

    F. Past and future medical, hospital, and pharmaceutical expenses and needs;

    G. Past and future loss of found;

    H. Past and future loss of ability to perform personal and household services; and

    I. Any and all other general and/or special damages recoverable under the law.

12. Claimant is entitled to recover the foregoing damages from Petitioners under the Jones Act and/or the General Maritime Law.

13. Petitioners are liable to Claimant for the foregoing damages under the Jones Act and/or General Maritime Law.

14. On account of the injuries suffered by Claimant while working in the service of GLOBETROTTER II, Petitioners had, and continue to have, an absolute duty to provide Claimant with maintenance and cure under Claimant reaches maximum cure.

15. To the extent Petitioners have breached or do breach the duty to provide Claimant with maintenance and cure, Petitioners are liable to Claimant for compensatory damages caused by such breach, punitive or exemplary damages, attorneys' fees, and all other equitable relief available under the law.

16. Claimant is entitled to prejudgment interest on all past damages from the date of the incident at issue until paid, post-judgment interest on all damages awarded from the date of any judgment obtained until paid, and court and litigation costs associated with this litigation to the extent allowed by law.

**III.    Third Party Claims of Derrick G. Brooks against Shell USA, Inc. and Shell Offshore, Inc.**

Claimant, Derrick G. Brooks, an American seaman of the full age of majority, citizen of Louisiana, and resident within the Western District of Louisiana, hereby asserts his claims against Shell USA, Inc. (known as Shell Oil Company at all relevant times) and Shell Offshore, Inc. under the General Maritime Law as follows:

17. Claimant reincorporates all of the allegations contained in his claims against Petitioners (see paragraphs 1-16, *supra*) and adopts them in these claims against Shell USA, Inc. and Shell Offshore, Inc.

18. Shell USA, Inc. is a corporation organized and existing under the laws of Delaware with its principal place of business in Houston, Texas.  It is authorized to do and doing business within the Western District of Louisiana and may be served through its registered agent for service of process in Louisiana, C T Corporation System, 3867 Plaza Tower, Dr., Baton Rouge, LA 70816.

19. Shell Offshore, Inc. is a corporation organized and existing under the laws of Delaware with its principal place of business in Houston, Texas.  It is authorized to

do and doing business within the Western District of Louisiana and may be served through its registered agent for service of process in Louisiana, <u>C T Corporation System, 3867 Plaza Tower, Dr., Baton Rouge, LA 70816.</u>

20. Shell USA, Inc. and/or Shell Offshore, Inc. owned and operated the P-12 well located in Mississippi Canyon Block 809 of the Gulf of Mexico.

21. Shell USA, Inc. and/or Shell Offshore, Inc. exercised control over the work and operations being conducted by Petitioners at or about that location at all times relevant to this matter.

22. Shell USA, Inc. and Shell Offshore, Inc. caused the injuries and damages suffered by Claimant (as set forth in paragraphs 5, 6, and 11, *supra*) through negligent, grossly negligent, reckless, and/or intentional conduct of in the following non-exclusive ways:

    A. All factual allegations set forth in paragraph 8(A)-8(T) of Claimant's claims against Petitioner, *supra*;

    B. Directing Petitioners and the GLOBETROTTER II to remain in the path of Hurricane Ida when they knew or should have known it was not safe to do so;

    C. Placing undue and ill-advised pressure upon Petitioners and the GLOBETROTTER II to remain in the path of Hurricane Ida beyond a point in time when it was safe to do so;

    D. Failing to provide the necessary and required support and direction for Petitioners to evacuate GLOBETROTTER II and/or persons onboard GLOBETROTTER II from the path of the storm before and after Hurricane Ida; and

    **E.** Any and all other acts of negligence and/or fault established through discovery and/or shown at the trial of this case.

**23.** Claimant was not at fault in any way for causing his injuries or damages.

**24.** Shell USA, Inc. and Shell Offshore, Inc. are liable to Claimant for the damages he suffered (as set forth in paragraph 11, *supra*) under the General Maritime Law.

**25.** Claimant is entitled to recover the damages he suffered (as set forth in paragraph 11, *supra*) from Shell USA, Inc. and Shell Offshore, Inc. under the General Maritime Law.

**26.** Claimant is entitled to recover the interest incurred (as set forth in paragraph 16, *supra*) from Shell USA, Inc. and Shell Offshore, Inc.

**27.** Claimant contends that Shell USA, Inc. and Shell Offshore, Inc. should be liable to him for punitive or exemplary damages and attorneys' fees due to their grossly negligent, reckless, and/or intentional conduct which caused Claimant to suffer the injuries at issue, and Claimant is entitled to recover same.

**IV.**    **<u>Demand for Trial by Jury for All Issues so Triable</u>**

**28.** Regarding his claims for damages against Petitioners, Shell USA, Inc., and Shell Offshore, Inc., Claimant is entitled to a jury under the Jones Act and hereby demands a trial by jury in accordance therewith, reserving his right to proceed in admiralty without a jury at a later date if he so elects.

**<u>PRAYER</u>:**

WHEREFORE, Claimant, Derrick G. Brooks, prays for the following:

1.  As an American seaman, that he be allowed to proceed in this litigation without prepaying any fees or costs or furnishing security therefor in accordance with 28 U.S.C. § 1916;

2.  That summonses be issued commanding Bully 1 (Switzerland) GmbH, Noble Drilling (U.S.) LLC, Shell USA, Inc., and Shell Offshore, Inc. to appear and/or answer the claims alleged herein by Claimant after being served with said summonses and this pleading;

3.  That after due proceedings and the expiration of all legal delays, there be final judgment in his favor which dismisses the claims set forth in the Verified Complaint (Rec. Doc. 1) and holding Bully 1 (Switzerland) GmbH, Noble Drilling (U.S.) LLC, Shell USA, Inc., and Shell Offshore, Inc. liable to Claimant for all categories of damages in an amount that is reasonable in the premises, attorneys' fees and costs to the extent Claimant is entitled, legal interest from the date of the injuries/casualty as is proper under the law until paid, and all other just and equitable relief to which he is entitled.

Respectfully submitted,

**DOMENGEAUX WRIGHT ROY & EDWARDS LLC**

*/s/Andrew J. Quackenbos*
James Parkerson Roy (Bar Roll No. 11511)
Andrew J. Quackenbos (Bar Roll No. 31924) (T.A.)
Elwood C. Stevens (Bar Roll No. 12459)
John Parkerson Roy (Bar Roll No. 32048)
556 Jefferson Street, Suite 500
Lafayette, LA 70502
Telephone: (337)233-3033
Telefax: (337)232-8213
jimr@wrightroy.com
andrewq@wrightroy.com
elwoods@wrightroy.com
johnr@wrightroy.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 14, 2022 a copy of the foregoing pleading

was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this

filing will be sent to all counsel of record by operation of the Court's electronic filing system.


*/s/Andrew J. Quackenbos*