UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF BULLY 1 (SWITZERLAND) GMBH, AS OWNER AND NOBLE DRILLING (U.S.) LLC, AS OWNER *PRO HAC VICE*, OF THE GLOBETROTTER II | * * * * * * * * * | CIVIL ACTION NO. 6:22-cv-00566 c/w 6:21-cv-03527-RRS-CBW, c/w 2:21-cv-03993-RRS-CBW, c/w 2:21-cv-03994-RRS-PJH<br><br>JUDGE ROBERT R. SUMMERHAYS<br><br>MAGISTRATE JUDGE CAROL B. WHITEHURST |

**MEMORANDUM IN SUPPORT OF
MOTION TO CLARIFY SCOPE OF RESTRAINING ORDER**

Claimants Brandon Freeman, John Taranto, Ryan Ramsay, Tanner Littlefield, Jeffrey Edwards, and Ernest A. Kellar ("Claimants") file this memorandum in support of their motion for this Court to clarify the scope of the restraining order that it entered in this case in favor of Bully 1 (Switzerland) GmbH, Noble Drilling (U.S.) LLC, and the GLOBETROTTER II, (collectively, the "Limitation Petitioners"). For the reasons that follow, the Court should grant this motion and order that the Court's restraining order[1] (1) does not operate to stay proceedings against the Petitioners' co-tortfeasors involved in the underlying August 29, 2021 accident in this case, and (2) does not operate to stay litigation against the captains or crew of the GLOBETROTTER II involved in the underlying August 29, 2021 accident in this case.

I.

Claimants are seamen who were injured while aboard the GLOBETROTTER II vessel in late August 2021. Simply stated, while Claimants were aboard the GLOBETROTTER II, Hurricane Ida struck the vessel and caused them to suffer injuries. Claimants originally filed suit

---

[1] Exhibit 1, restraining order.

1

in Texas state court against several defendants. Those defendants included Noble Drilling (U.S.), LLC, Noble Drilling Services, Inc., Noble Corporation, Noble Drilling Holding, LLC, Shell Oil Company, and Shell Offshore, Inc.[2] The defendants in that action removed the case to the Southern District of Texas, which was then docketed at Case No. 4:21-cv-3305.[3]

After that removal, this limitation of liability case was filed. Notably, this proceeding was initiated only by Bully 1 (Switzerland) GmbH and Noble Drilling (U.S.) LLC in their capacities as owner and owner *pro hac vice* of the GLOBETROTTER II.[4] The Court then entered a restraining order precluding the prosecution of suits against the Limitation Petitioners, the GLOBETROTTER II, or any of its controllers or underwriters.[5]

In other words, the restraining order did not, on its face, seem to direct a potential stay regarding **non-petitioners** Noble Drilling Services, Inc., Noble Corporation, Noble Drilling Holding, LLC, Shell Oil Company, and Shell Offshore, Inc. But the stay order was arguably ambiguous on whether it operated to shield the captain and crew—as purported "controllers" of the GLOBERTROTTER II—from litigation.

Various defendants in the Texas federal case (including entities who are not Limitation Petitioners) quickly raised the stay order in the Texas federal case.[6] In response, the federal judge presiding over the Texas proceedings issued a general stay order on the entire case pending further orders of this Court.[7]

---

[2]  Exhibit 2, notice of removal of state court action to Southern District of Texas with attachments, pp. 79-86 of 90, Plaintiffs' second amended petition filed in Texas state court.

[3]  *Id*. at pp. 1-6, notice of removal.

[4]  Case No. 6:22-cv-566, Rec. Doc. 1, verified complaint, p. 1.

[5]  Exhibit 1, restraining order entered in Case No. 6-22-cv-566, at p. 3.

[6]  Exhibit 3, notice of stay proceedings filed in Southern District of Texas.

[7]  Exhibit 4, Southern District of Texas stay order.

2

## II.

In light of the status of the proceeding in Texas, Claimants move this Court to issue a further order clarifying the scope of its restraining order. As will be shown, Claimants request that the Court clarify that its stay order: (1) does not apply to stay claims against the co-tortfeasors of the Limitation Petitioners (co-tortfeasors such as Noble Corporation, Noble Drilling Holding, LLC, Shell Oil Company, and Shell Offshore, Inc.), and (2) does not apply to shield the captain and crew of the GLOBETROTTER II from suit. Upon clarification from this Court, Claimants intend to present this Court's clarifying order to the Southern District of Texas and request that it lift its stay against the entities who are not Limitation Petitioners here.

## III.

The Limitation of Liability Act's stay provision is 46 U.S.C. § 30511. It permits a Court to enjoin only those claims filed against the *owner* of a vessel which is at issue in a Limitation of Liability case.[8]

The U.S. Fifth Circuit has ordered, and re-affirmed, adherence to this plain language. The Fifth Circuit ruled in *Zapata Hayne Corp. v. Arthur* that "[t]hese benefits of the Act . . . are by their plain terms, conferred on ship *owners* only."[9] That core holding was re-affirmed by the Fifth Circuit in 1998 in *In re Ingram Barge Co.*[10]

The rule of *Zapata* has two main consequences, both of which are at play here.

---

[8] 46 U.S.C. § 30511(a) ("*The owner* of a vessel may bring an action . . . under this chapter.") (emphasis added); *id*. at (c) ("When an action has been brought under this section and the owner has complied with subsection (b), all claims and proceedings *against the owner* related to the matter in question shall cease.") (emphasis added).

[9] *Zapata Hayne Corp. v. Arthur*, 926 F. 2d 484, 485 (5th Cir. 1991) (Wisdom, J) (emphasis original).

[10] *In re Ingram Barge Co.*, 1998 WL 915421 at * 1 (5th Cir. 1998) (unpub.).

First, the stay in a limitation case does not extend to the co-tortfeasors of the Limitation Petitioners. "[W]hile the [Limitation of Liability Act] authorizes injunction of state suits against shipowners, corporate officers, and their insurers, *it prohibits courts from staying state proceedings against other alleged tortfeasors*."[11] In fact, the Fifth Circuit has routinely allowed suits to proceed against captains even when litigation is stayed against the vessel owner.[12]

And second, the stay in a limitation case does not shield the captains or crew aboard an offending vessel from suit. The Fifth Circuit squarely ruled in *Zapata* that a restraining order under the Limitation of Liability Act may *not* enjoin the claims against the crew or master of a vessel.[13] Those "benefits of the Act . . . are by their plain terms, conferred on ship *owners* only."[14] And the Fifth Circuit has *re-affirmed* that rule. As it explained in *In re Ingram Barge Co*: That issue is "squarely foreclosed by *Zapata*[.]"[15] These precedents are unambiguous. They do not allow a restraining order to extend to the captains or crew of the vessels involved. Indeed, as recently as 2018, Judge Dick of the Middle District of Louisiana found that this result was "plainly" dictated

---

[11]    *In re Lynx Production Services*, 2014 WL 1378869 at *4 (E.D. La. 2014) (Lemelle, J.) (emphasis added); *see also In re Complaint of River City Towing Services, Inc.,* 199 F. Supp. 2d 495, 500 (E.D. La. 2002) (Barbier, J.) ("While the Limitation of Liability Act [] does authorize the Court to enjoin state court proceedings brought against vessel owners, it does not expressly authorize the Court to stay state proceedings against other alleged tort-feasors.") (internal citations omitted).

[12]    *See, e.g.*, *In re Ingram Barge Co.*, 1998 WL 915421 at * 1 (5th Cir. 1998) (unpub.); *Zapata Haynie Corp. v. Arthur,* 926 F.2d 484 (5th Cir. 1991).

[13]    926 F. 2d 484, 485 (5th Cir. 1991)

[14]    *Id*. (emphasis original).

[15]    *In re Ingram Barge Co.*, 1998 WL 915421 at * 1 (5th Cir. 1998) (unpub.) ("Plaintiffs subsequently instituted, in state and federal courts, class actions and other suits against Don Carlton, the pilot at the time of the accident, and other members of the crew. The district court subsequently refused to extend the stay to these suits, and this is an appeal of that decision. This appeal is squarely foreclosed by *Zapata Haynie Corp. v. Arthur,* 926 F.2d 484 (5th Cir.1991). In *Zapata,* we held that the benefits of the Limitation of Liability Act 'are, by their plain terms, conferred on ship owners only.' *Id.* at 485. We thus refused to extend a stay to a suit against a master. . . . AFFIRMED.")

by *Zapata*.[16] The Limitation of Liability Act, even as codified now, simply "does not authorize" injunctions to protect captains or crew.[17]

## IV.

Applying the rule of *Zapata* here is straightforward. The Court should clarify two aspects of its restraining order in this case to align the order with the *Zapata* rule.

First, the Court should rule that the restraining order does *not* extend to stay litigation against co-tortfeasors of the Limitation Petitioners. In other words, the Court should clarify that its restraining order does not require a stay of litigation against Noble Corporation, Noble Drilling Holding, LLC, Shell Oil Company, and Shell Offshore, Inc. in the Southern District of Texas. They are neither the shipowners, nor the Limitation Petitioners in this action. Therefore, this order is proper.

And second, the Court should clarify that the restraining order does *not* extend to shield the captain(s) or crew of the GLOBETROTTER II from litigation. This result is required by law.

## V.

The Court should grant this motion in full. A proposed order is attached.

---

[16] *Matter of Am. Boat Company, LLC*, 2018 WL 1635654 at *2 (M.D.L.A. 2018) ("In *Zapata* [], the Fifth Circuit plainly stated that the 'benefits of the Act [] are, by their plain terms, conferred on ship *owners* only." The Fifth Circuit focused on the language of what is now 46 U.S.C. § 30512, which states that the Limitation Act 'does not affect the liability of an individual as a master, officer, or seaman.' Thus, the Limitation Act does not authorize the Court to expand the scope of the injunction to include Brent St. Amant and Patrick Kendrick, the captain and mate of the M/V DANNY ETHERIDGE.").

[17] *Id*.

        Respectfully submitted,

        **ARNOLD & ITKIN, LLP**

        /s/ Kyle Findley
        Kurt B. Arnold
        (to be admitted *Pro Hac Vice*)
        karnold@arnolditkin.com
        J. Kyle Findley (#34922)
        kfindley@arnolditkin.com
        John G. Grinnan
        (to be admitted *Pro Hac Vice*)
        jgrinnan@arnolditkin.com
        **ARNOLD & ITKIN LLP**
        6009 Memorial Drive
        Houston, TX 77007
        Tel: 713.222.3800
        Fax: 713.222.3850
        e-service@arnolditkin.com

        **ATTORNEYS FOR CLAIMANT**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading was served on counsel of record by electronic means, including the CM/ECF system, this 27th day of April, 2022.

        /s/ Kyle Findley
        Kyle Findley