UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| IN THE MATTER OF BULLY 1 (SWITZERLAND) GMBH, AS OWNER, AND NOBLE DRILLING (U.S.) LLC, AS OWNER *PRO HAC VICE*, OF THE *GLOBETROTTER II* | CIVIL ACTION NO. 22-566<br><br>JUDGE ROBERT R. SUMMERHAYS<br><br>MAGISTRATE JUDGE CAROL B. WHITEHURST |

**BULLY 1 AND NOBLE DRILLING'S ANSWER AND**
**AFFIRMATIVE DEFENSES TO THE CLAIM OF YURY REMEDIO**

**NOW INTO COURT**, through undersigned counsel, come Bully 1 (Switzerland) GmbH (hereinafter referred to as "Bully 1"), as Owner, and Noble Drilling (U.S.) LLC (hereinafter referred to as "Noble Drilling"), as Owner *Pro Hac Vice,* of the *GLOBETROTTER II* (collectively referred to as "Petitioners"), who file this Answer and Affirmative Defenses to the Claim for Damages against Bully 1 and Noble Drilling filed by Yury Remedio ("Plaintiff" or "Remedio") (R. Doc. 12) and respectfully aver as follows:

**I.     ANSWER TO THE CLAIM OF REMEDIO.**

In his Claim, Remedio includes allegations against Bully 1 and Noble Drilling.  Because it is unclear which allegations apply to which party, out of an abundance of caution, both Bully 1 and Noble Drilling ("Petitioners") reply to all of the allegations of Remedio's Claim as follows:

**1.**

The paragraphs addressing Remedio's defenses, paragraphs 1-7 of Remedio's Section entitled "Insufficiency of Fund and Security", and paragraphs 1-18 in Remedio's Section entitled "Answer" contain no allegations against Petitioners, and therefore require no response from Petitioners. In the event a response is deemed necessary, the allegations are denied.  Further, any unnumbered paragraphs or otherwise unanswered paragraphs are also denied.

**2.**

Petitioners admit that on or about August 28, 2021 Remedio was aboard the GLOBETROTTER II in the Gulf of Mexico. Except as admitted, Petitioners deny the allegations of Paragraph I of the Claim.

**3.**

Petitioners admit that on or about August 28, 2021 Bully 1 was the Owner and Noble Drilling was the Owner *Pro Hac Vice* of the GLOBETROTTER II. Except as admitted, Petitioners deny the allegations of Paragraph II of the Claim.

**4.**

Petitioners deny the allegations of Paragraph III of the Claim.

**5.**

Petitioners deny the allegation of Paragraph IV of the Claim.

**6.**

Petitioners deny the allegations of Paragraph V of the Claim.

**7.**

Petitioners deny the allegations of Paragraph VI of the Claim.

**8.**

Petitioners deny the allegations of Paragraph VII of the Claim.

**9.**

Petitioners deny the allegations of Paragraph VIII of the Claim.

**10.**

Petitioners deny the allegations of Paragraph IX of the Claim and its subparts A-J.

**11.**

Petitioners deny the allegations of Paragraph X of the Claim.

**12.**

Petitioners deny the allegations of Paragraph XI of the Claim.

**13.**

The paragraphs pertaining to Remedio's Third Party Complaint contain no allegations against Petitioners, and therefore require no response from Petitioners. In the event a response is deemed necessary, the allegations are denied.

**PRAYER**

Petitioners deny any and all allegations contained in the unnumbered paragraph also referred to as the prayer for relief.

**II.     AFFIRMATIVE DEFENSES TO REMEDIO'S CLAIM.**

**FIRST DEFENSE**

Petitioners adopt all defenses and allegations contained in their original Verified Complaint for Exoneration From or Limitation of Liability (R. Doc. 1) in defense of Smith's Claim.

**SECOND DEFENSE**

The Claim fails to state a claim upon which relief can be granted.

**THIRD DEFENSE**

The Claim is barred by prescription, preemption, and/or laches.

**FOURTH DEFENSE**

Alternatively, Petitioners aver that Remedio's injuries, if any, were caused or contributed to by the neglect or fault of others for whom Petitioners are not legally responsible.

**FIFTH DEFENSE**

Alternatively, Petitioners aver that Remedio has failed to properly mitigate his damages, if any, as required by law.

**SIXTH DEFENSE**

Remedio's present and/or prospective medical, physical and mental condition(s) are not the result of any incident or incidents as described in Remedio's Claim, but rather pre-existed or occurred prior to or subsequent to the alleged accident, and/or have no causal connection to the alleged accident.

**SEVENTH DEFENSE**

Alternatively, Remedio's alleged damages, if any, were caused or occasioned by intervening and/or superseding causes for which Petitioners are not legally responsible.

**EIGHTH DEFENSE**

Alternatively, Petitioners aver that their liability, if any, which is specifically denied, is purely passive and/or technical and the liability of others is actual and/or active, thus entitling Petitioners to full indemnification from those others who were negligent and/or otherwise at fault.

**NINTH DEFENSE**

Alternatively, if Petitioners were negligent, which is at all times denied, then that negligence or fault should be reduced by other parties and/or non-parties' negligence or fault, and all damages against Petitioners should be reduced accordingly.

**TENTH DEFENSE**

Alternatively, Petitioners aver that in the event they are found liable in any way to Remedio, which is denied, any liability on the Petitioners' part is merely joint liability and not

4

joint and several (nor *in solido*) with the liability of other parties or nonparties for whom the Petitioners are not responsible.

**ELEVENTH DEFENSE**

Alternatively, Petitioners are entitled to a set off and/or credit for all payments made to or on behalf of Remedio by any source, collateral or otherwise.

**TWELFTH DEFENSE**

Alternatively, Remedio has failed to follow medical advice and this failure is the cause of all of his alleged medical conditions.

**THIRTEENTH DEFENSE**

Petitioners affirmatively assert *force majeure* and/or Act of God as a defense to Remedio's Claim.

**FOURTEENTH DEFENSE**

At all pertinent times, the GLOBETROTTER II was in all respects seaworthy and fit and proper for the service in which the GLOBETROTTER II was engaged, and was, in fact, tight, staunch, strong, and fully and properly equipped, and manned, well and sufficiently fitted with suitable engines, machinery, gear, tackle, apparel, and appliances.

**FIFTEENTH DEFENSE**

Petitioners assert that Plaintiff's recovery of medical or healthcare expenses incurred is limited to the amount actually paid or incurred by or on behalf of the Plaintiff.

**SIXTEENTH DEFENSE**

It is Plaintiff's burden to prove that his medical procedures and medical expenses were reasonable and necessary.

## SEVENTEENTH DEFENSE

Petitioners assert that Remedio's recovery in this matter, if any, shall be limited by the Fifth Circuit's Maximum Recovery Rule to an amount that is not disproportionate to at least one factually similar case from the relevant jurisdiction. *See Puga v. RCX Solutions, Incorporated*, 922 F.3d 285, 297 (5th Cir. 2019).

## EIGHTEENTH DEFENSE

Petitioners assert that Remedio's alleged damages were the result of an unavoidable accident or other circumstances beyond Petitioners' control

## NINETEENTH DEFENSE

Petitioners specifically reserve the right to supplement, amend and/or modify their answer and defenses to conform to such facts as may be revealed during discovery or otherwise.

**WHEREFORE,** Petitioners, Bully 1 and Noble Drilling, pray that this Answer and Affirmative Defenses to the Claim of Yury Remedio be deemed good and sufficient and, after due delays and proceedings be had, there be judgment in Petitioners' favor, dismissing Remedio's Claim against Petitioners with prejudice, at Remedio's cost, and for all other relief to which Petitioners are entitled under both law and equity.

[*Signatures on Following Page*]

Respectfully submitted:

**KEAN MILLER LLP**

/s/*Robert M. Kallam*  
**ROBERT M. KALLAM (TX #24034175; LA #20242)**
**TAYLOR ASHWORTH (LA #39404)**
600 Jefferson Street, Suite 1101
Lafayette, Louisiana 70501
Telephone: (337) 235-2232

**TIMOTHY WAYNE STRICKLAND (TX #19396298)**
**STACEY TYREE NORSTRUD (TX #24025363)**
711 Louisiana Street, Suite 1800
Houston, Texas 77002
Telephone: (713) 844-3000

**BRADLEY J. SCHLOTTERER (LA #24211)**
**SEAN T. McLAUGHLIN (LA #31870)**
First Bank and Trust Tower
909 Poydras Street, Suite 3600
New Orleans, Louisiana 70112
Telephone: (504) 585-3050

AND

**NEUNERPATE**

**JEFFREY COREIL (LA #32405)**
One Petroleum Center
1001 West Pinhook Road, Suite 200
Lafayette, LA 70503
Telephone: (337) 237-7000

ATTORNEYS FOR BULLY 1 (SWITZERLAND) GMBH AND NOBLE DRILLING (U.S.) LLC

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this the 2nd day of August 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to those who are non-CM/ECF participants.

                                                    _____/s/*Robert M. Kallam*_____