## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| IN THE MATTER OF BULLY 1 (SWITZERLAND) GMBH, AS OWNER, AND NOBLE DRILLING (U.S.) LLC, AS OWNER *PRO HAC VICE*, OF THE *GLOBETROTTER II* | CIVIL ACTION NO. 22-566<br><br>JUDGE ROBERT R. SUMMERHAYS<br><br>MAGISTRATE JUDGE CAROL B. WHITEHURST |

### BULLY 1 AND NOBLE DRILLING'S ANSWER AND
### AFFIRMATIVE DEFENSES TO THE CLAIM OF DEDREN BRADLEY

**NOW INTO COURT**, through undersigned counsel, come Bully 1 (Switzerland) GmbH (hereinafter referred to as "Bully 1"), as Owner, and Noble Drilling (U.S.) LLC (hereinafter referred to as "Noble Drilling"), as Owner *Pro Hac Vice*, of the *GLOBETROTTER II* (collectively referred to as "Petitioners"), who file this Answer and Affirmative Defenses to the Claim for Damages against Bully 1 and Noble Drilling filed by Dedren Bradley ("Plaintiff" or "Bradley") (R. Doc. 35) and respectfully aver as follows:

I.    **ANSWER TO THE CLAIM OF BRADLEY.**

In his Claim, Bradley includes allegations against Bully 1 and Noble Drilling.  Because it is unclear which allegations apply to which party, out of an abundance of caution, both Bully 1 and Noble Drilling ("Petitioners") reply to all of the allegations of Bradley's Claim as follows:

**1.**

The paragraphs in Bradley's Section entitled "Affirmative Defenses" and paragraphs 1-19 of Bradley's Section entitled "Answer of Claimant" contain no allegations against Petitioners, and therefore require no response from Petitioners. In the event a response is deemed necessary, the allegations are denied.  Further, any unnumbered paragraphs or otherwise unanswered paragraphs are also denied.

**2.**

Paragraph A1 of the Claim states legal conclusions which require no response from Petitioners. In the event a response is deemed necessary, the allegations are denied.

**3.**

Petitioners admit that the GLOBETROTTER II was operating in the Gulf of Mexico on or about August 28, 2021. Petitioners also admit that Bradley was aboard the Globetrotter II. Except as admitted, Petitioners deny the allegations of Paragraph A2 of the Claim.

**4.**

Petitioners admit that on or about August 28, 2021 the GLOBETROTTER II was operating in the Gulf of Mexico. Petitioners also admit that on or about August 28, 2021 Bully 1 was the Owner and Noble Drilling was the Owner *Pro Hac Vice* of the GLOBETROTTER II. Except as admitted, Petitioners deny the allegations of Paragraph A3 of the Claim.

**5.**

Petitioners admit that the GLOBETROTTER II was operating in the Gulf of Mexico on or about August 28, 2021. Except as admitted, Petitioners deny the allegations of Paragraph A4 of the Claim.

**6.**

Petitioners deny the allegations of Paragraph A5 of the Claim.

**7.**

Petitioners deny the allegations of Paragraph A6 of the Claim.

**8.**

Petitioners deny the allegations of Paragraph A7 of the Claim.

**9.**

Petitioners admit that on or about August 28, 2021 Bradley was aboard the GLOBETROTTER II. Except as admitted, Petitioners deny the allegations of Paragraph A8 of the Claim.

**10.**

In response to Paragraph B9 of the Claim, Petitioners restate their answers to Paragraphs A1-A8 by reference.

**11.**

Petitioners deny the allegations of Paragraph B10 of the Claim and its subparts a-z.

**12.**

Petitioners deny the allegations of Paragraph B11 of the Claim.

**13.**

Petitioners deny the allegations of Paragraph B12 of the Claim.

**14.**

Petitioners deny the allegations of Paragraph B13 of the Claim.

**15.**

Petitioners deny the allegations of Paragraph B14 of the Claim and its subparts a-r.

**16.**

Petitioners deny any and all allegations contained in Paragraph B15 of the Claim, also referred to as the prayer for relief and its subparts a-e.

**17.**

Paragraph B16 of the Claim contains no allegations against Petitioners, and therefore requires no response from Petitioners. In the event a response is deemed necessary, the allegations are denied due to the fact that jury trials are prohibited in Limitation of Liability Proceedings.

**II.     AFFIRMATIVE DEFENSES TO BRADLEY'S CLAIM.**

### FIRST DEFENSE

Petitioners adopt all defenses and allegations contained in their original Verified Complaint for Exoneration From or Limitation of Liability (R. Doc. 1) in defense of Bradley's Claim.

### SECOND DEFENSE

The Claim fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

The Claim is barred by prescription, preemption, and/or laches.

### FOURTH DEFENSE

Alternatively, Petitioners aver that Bradley's injuries, if any, were caused or contributed to by the neglect or fault of others for whom Petitioners are not legally responsible.

### FIFTH DEFENSE

Alternatively, Petitioners aver that Bradley has failed to properly mitigate his damages, if any, as required by law.

### SIXTH DEFENSE

Bradley's present and/or prospective medical, physical and mental condition(s) are not the result of any incident or incidents as described in Bradley's Claim, but rather pre-existed or occurred prior to or subsequent to the alleged accident, and/or have no causal connection to the alleged accident.

## SEVENTH DEFENSE

Alternatively, Bradley's alleged damages, if any, were caused or occasioned by intervening and/or superseding causes for which Petitioners are not legally responsible.

## EIGHTH DEFENSE

Alternatively, Petitioners aver that their liability, if any, which is specifically denied, is purely passive and/or technical and the liability of others is actual and/or active, thus entitling Petitioners to full indemnification from those others who were negligent and/or otherwise at fault.

## NINTH DEFENSE

Alternatively, if Petitioners were negligent, which is at all times denied, then that negligence or fault should be reduced by other parties and/or non-parties' negligence or fault, and all damages against Petitioners should be reduced accordingly.

## TENTH DEFENSE

Alternatively, Petitioners aver that in the event they are found liable in any way to Bradley, which is denied, any liability on the Petitioners' part is merely joint liability and not joint and several (nor *in solido*) with the liability of other parties or nonparties for whom the Petitioners are not responsible.

## ELEVENTH DEFENSE

Alternatively, Petitioners are entitled to a set off and/or credit for all payments made to or on behalf of Bradley by any source, collateral or otherwise.

## TWELFTH DEFENSE

Alternatively, Bradley has failed to follow medical advice and this failure is the cause of all of his alleged medical conditions.

**THIRTEENTH DEFENSE**

Petitioners affirmatively assert *force majeure* and/or Act of God as a defense to Bradley's Claim.

**FOURTEENTH DEFENSE**

At all pertinent times, the GLOBETROTTER II was in all respects seaworthy and fit and proper for the service in which the GLOBETROTTER II was engaged, and was, in fact, tight, staunch, strong, and fully and properly equipped, and manned, well and sufficiently fitted with suitable engines, machinery, gear, tackle, apparel, and appliances.

**FIFTEENTH DEFENSE**

Petitioners assert that Plaintiff's recovery of medical or healthcare expenses incurred is limited to the amount actually paid or incurred by or on behalf of the Plaintiff.

**SIXTEENTH DEFENSE**

It is Plaintiff's burden to prove that his medical procedures and medical expenses were reasonable and necessary.

**SEVENTEENTH DEFENSE**

Petitioners assert that Bradley's recovery in this matter, if any, shall be limited by the Fifth Circuit's Maximum Recovery Rule to an amount that is not disproportionate to at least one factually similar case from the relevant jurisdiction. *See Puga v. RCX Solutions, Incorporated*, 922 F.3d 285, 297 (5th Cir. 2019).

**EIGHTEENTH DEFENSE**

Petitioners assert that Bradley's alleged damages were the result of an unavoidable accident or other circumstances beyond Petitioners' control.

## NINETEENTH DEFENSE

Petitioners specifically reserve the right to supplement, amend and/or modify their answer and defenses to conform to such facts as may be revealed during discovery or otherwise.

**WHEREFORE,** Petitioners, Bully 1 and Noble Drilling, pray that this Answer and Affirmative Defenses to the Claim of Dedren Bradley be deemed good and sufficient and, after due delays and proceedings be had, there be judgment in Petitioners' favor, dismissing Bradley's Claim against Petitioners with prejudice, at Bradley's cost, and for all other relief to which Petitioners are entitled under both law and equity.

**[*Signatures on Following Page*]**

Respectfully submitted:

**KEAN MILLER LLP**

 /s/ *Robert M. Kallam*
**ROBERT M. KALLAM (TX #24034175; LA #20242)**
**TAYLOR ASHWORTH (LA #39404)**
600 Jefferson Street, Suite 1101
Lafayette, Louisiana 70501
Telephone: (337) 235-2232

**TIMOTHY WAYNE STRICKLAND (TX #19396298)**
**STACEY TYREE NORSTRUD (TX #24025363)**
711 Louisiana Street, Suite 1800
Houston, Texas 77002
Telephone: (713) 844-3000

**BRADLEY J. SCHLOTTERER (LA #24211)**
**SEAN T. McLAUGHLIN (LA #31870)**
First Bank and Trust Tower
909 Poydras Street, Suite 3600
New Orleans, Louisiana 70112
Telephone: (504) 585-3050

AND

**NEUNERPATE**

**JEFFREY COREIL (LA #32405)**
One Petroleum Center
1001 West Pinhook Road, Suite 200
Lafayette, LA 70503
Telephone: (337) 237-7000

ATTORNEYS FOR BULLY 1 (SWITZERLAND) GMBH AND
NOBLE DRILLING (U.S.) LLC

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this the 23rd day of August 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to those who are non-CM/ECF participants.

                           _/s/ Robert M. Kallam_ _____