UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| IN THE MATTER OF BULLY 1 (SWITZERLAND) GMBH, AS OWNER, AND NOBLE DRILLING (U.S.) LLC, AS OWNER *PRO HAC VICE*, OF THE *GLOBETROTTER II* | CIVIL ACTION NO. 22-566 |
| | JUDGE ROBERT R. SUMMERHAYS |
| | MAGISTRATE JUDGE CAROL B. WHITEHURST |

## JOINT PROPOSED CASE ADMINISTRATION ORDER NO.1

This Order is entered pursuant to the Court's inherent authority, Fed. R. Civ. P. 26, and Fed. R. Evid. 502(d) and is intended to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality or privilege, protect material to be kept confidential or which is privileged, and ensure that protection is afforded only to material entitled to such treatment. This Order governs the production of documents, the production of electronically stored information, and the taking of depositions in this matter and applies to all claims pending in this matter as well as all Parties in this Matter ("Parties" or individually "Party" and/or "Producing Part or the "Receiving Party").

## I.    TREATMENT OF CONFIDENTIAL MATERIALS

A.  **Scope.** All materials produced or adduced in the course of formal and informal discovery, including initial disclosures, responses to informal[1] and formal discovery requests, responses to Rule 45 subpoenas, deposition testimony and exhibits, and information derived directly therefrom (hereinafter "Discovery Materials"), shall be subject to this Order. This Order is subject to the Local

---

[1] Informal discovery refers to the exchange of any documents, materials, or information with parties to this proceeding at any point in time, including before the entry of this Order.

Rules of the Western District of Louisiana, the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods, and the Federal Rules of Evidence.

B. **Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" by the Producing Party that falls within one or more of the following categories: (i) constitutes, reflects, discloses, or contains information that is or could be protected from disclosure by law; (ii) information that is proprietary, commercially sensitive, or reveals trade secrets; (iii) research, technical, commercial, or financial information that the party has maintained as confidential; (iv) medical information concerning any individual; (v) personal identity information; (vi) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; and/or (vii) personnel or employment records of any person. Information or documents that are available to the public may not be designated as Confidential Information.

C. **Designation.**

    i.    <u>Procedure</u>.   A party may designate Discovery Material as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. The marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time that the documents are produced or disclosed. As used in this Order, the term "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information. Applying the marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any

status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies made of any documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

ii.    <u>Information Produced by Third Parties</u>.    If a party wishes to designate information produced by another party or by a third party in response to a subpoena as containing Confidential Information, the designating party may do so by providing written notice of the designation to all other parties. Discovery Materials designated in such a manner are subject to the provisions of paragraph I.C.iii below.

iii.   <u>Inadvertent Failure to Designate</u>.    An inadvertent failure to designate Discovery Material as Confidential Information does not, standing alone, waive the right to subsequently so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order at Paragraph I.D, even if inadvertent, waives any protection for deposition testimony. If a party designates any Discovery Material as Confidential Information after it was initially produced, the Receiving Parties, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing in good faith to maintain the confidentiality of any Discovery Material during a time when that material has not been designated Confidential Information.

iv.   <u>Inspection of Discovery Materials Prior to Production</u>.   In the event that Discovery Materials are made subject to inspection prior to their production, no marking of those materials need be made by the producing party at the time of that inspection. For purposes of such an inspection, all materials made available for the inspection shall be considered Confidential Information and subject to this Order at the time of the inspection. Thereafter, if any materials subject to that inspection are produced and the Producing Party wishes those materials to be considered Confidential Information under this Order, the Producing Party shall so designate them in accordance with the procedures set forth in this Order.

v.   <u>Certification by Counsel or Party</u>.   The designation of Discovery Material as Confidential Information is a certification by an attorney or a party appearing *pro se* that the document contains Confidential Information as defined in this Order.[2]

D. **Depositions.** Deposition testimony is protected by this Order only if two distinct actions are taken with respect to that testimony. First, deposition testimony must be designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the record at the time the testimony is taken. Such designation shall be specific as to the portions that contain Confidential Information. Deposition testimony so designated shall be treated as Confidential Information protected by this Order until fourteen (14) days after delivery of the transcript by the court reporter to any party or the witness. Second, within fourteen (14) days of the delivery of the transcript, a designating party may serve a Notice of Designation to all parties of record identifying the specific portions of the transcript that are designated Confidential Information, and thereafter those portions identified in the Notice of Designation shall be protected under the terms of this Order.

---

[2] By designating Discovery Materials as confidential pursuant to this Order, counsel submits to the jurisdiction and authority of this Court concerning such designations and the enforcement of this Order.

The failure to serve a timely Notice of Designation waives any designation of deposition testimony as Confidential Information that was made on the record of the deposition, unless otherwise ordered by the Court. Likewise, testimony cannot be subsequently designated as Confidential Information unless it was specifically so designated on the record during or immediately upon completion of the subject deposition. The failure to serve a timely Notice of Designation for deposition testimony shall not affect the confidential designation of any document attached as an exhibit to the deposition that was timely designated as Confidential Information in accordance with this Order.

E.  **Protection of Confidential Material.**

i.    <u>General Protections</u>.   Confidential Information shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in subparagraph I.E.ii. for any purpose whatsoever other than in this litigation, which includes any appeal thereof.

ii.   <u>Limited Third-Party Disclosure</u>.      The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs F-O below. Subject to these requirements, the following categories of persons may be allowed to review Confidential Information: (a) Counsel for the parties and employees of counsel who have responsibility for the action; (b) individual parties and officers, directors, employees, agents or representatives of a party, but only to the extent counsel determines in good faith that the person's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed; (c) the Court and its personnel; (d) court reporters and recorders engaged for depositions and/or

hearings; (e) those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents; (f) consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A ("Acknowledgment of Understanding and Agreement to Be Bound by Protective Order"); (g) during their depositions, or in preparation for their trial or deposition testimony, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; (h) the author or recipient of the document in the regular course of business (not including a person who received the document in the course of litigation); and (i) other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed upon or ordered.

iii.   <u>Control of Documents</u>.        Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging

their obligations under this Order for a period of three (3) years after the termination of the case.

F. **Filing of Confidential Information.** This Order does not, standing alone, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with Local Rule 5.6. No party shall file any document designated as Confidential Information into the record in this matter except as permitted by this Order.

G. **No Greater Protection of Specific Documents.** No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

H. **Challenges by a Party to Designation as Confidential Information.** The designation of any Discovery Material as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

     i.    <u>Meet and Confer</u>.   A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party, or directly with a party who is appearing pro se. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

ii.  <u>Judicial Intervention</u>.   A party who elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent certification that affirms that the movant has complied with the meet-and-confer requirements of this Order. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

I.  **Action by the Court.** Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order shall limit the Court's authority to make orders concerning the disclosure of documents produced as part of these proceedings or at trial.

J.  **Use of Confidential Information at Trial.** Nothing in this Order shall be construed to affect the use of any Discovery Materials at any trial or hearing. A party who intends to present or who anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the substance of the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

K.  **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

i.  If a receiving party is served with a subpoena or an order issued in other litigation or regulatory or criminal investigation that would compel disclosure of any Discovery Materials designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in

no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

ii.    The receiving party also must immediately inform, in writing, the person or entity that caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

iii.    The purpose of imposing these duties is to alert the issuing person or entity to the existence of this Order and to afford the designating party in this case an opportunity to make attempts to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

L.  **Obligations Upon Conclusion of the Litigation.**

i.    <u>Order Continues in Force</u>.    Unless otherwise agreed upon or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

ii.    <u>Demand for Return or Destruction</u>.    Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, the producing party may make

demand upon the receiving party for return or destruction of all materials considered Confidential Information under this Order, including "copies" as defined above. No party shall have any obligation to return or destroy Confidential Information if such a demand is not timely made. Where the demand for return or destruction is timely made, the subject documents shall be returned to the producing party unless: (a) the document has been offered into evidence or filed without restriction as to disclosure; (b) the parties agree to destruction to the extent practicable in lieu of return; or (c) as to documents bearing the notations, summations, or other mental impressions of the receiving party (i.e., attorney work product), that party elects to destroy the documents and certifies to the producing party that it has done so; or (d) to the extent retention is required by other laws, rules or regulations, including those of the Louisiana State Bar Association and Louisiana Supreme Court. The parties may choose to agree that the receiving party shall destroy documents containing Confidential Information and certify the fact of destruction, and that the receiving party shall not be required to locate, isolate and return e-mails (including attachments to e-mails) that may include Confidential Information or Confidential Information contained in deposition transcripts or drafts or final expert reports.

iii.    Retention of Work Product and One Set of Filed Documents.    Notwithstanding the above requirements to return or destroy documents, counsel may retain: (a) attorney work product, including an index that refers or relates to designated Confidential Information, so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (b) one complete set of all

documents filed with the Court including those filed under seal. Any retained

Confidential Information shall continue to be protected under this Order.

    iv.    <u>Deletion of Documents Filed Under Seal from Electronic Case Filing System</u>.

Filings under seal shall be deleted from the ECF system only upon order of the

Court.

M. **Order Subject to Modification.** This Order shall be subject to modification by the Court

on its own initiative or on motion of a party or any other person with standing concerning the

subject matter.

N. **No Prior Judicial Determination.** This Order is entered based on the representations and

agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be

construed or presented as a judicial determination that any Discovery Material designated

Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the

Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific

document or issue.

O. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all

counsel of record and their law firms, the parties, and persons made subject to this Order by its

terms.

## II.    TREATMENT OF PRIVILEGED AND WORK PRODUCT MATERIALS

A. **Privileged Information.** As used in this Order, "Privileged Information" means material

protected from disclosure by the attorney-client privilege, attorney work product protection,

common-interest privilege, or any other legal privilege, immunity, or protection from production

or disclosure.

B. **Privilege Log.** Any document falling within the scope of any request for production or subpoena that is withheld on the basis that it contains of Privileged Information is to be identified by the Producing Party in a privilege log, which the Producing Party shall produce in an electronic format that allows text searching and organization of data. For administrative purposes, an e-mail thread contained within a single document need only be recorded once on the Producing Party's privilege log, even if a privilege is asserted over multiple portions of the thread.

  i.   Privilege log identification is not required for post-August 29, 2021 communications exchanged between the Producing Party and their counsel or among counsel for the Producing Party. In addition, neither communications between or among counsel for Claimants and/or counsel for Claimants and any of their prospective expert witnesses nor communications between or among counsel for Petitioners/Defendants and/or counsel for Petitioners/Defendants and any of their prospective expert witnesses are required to be identified on the Producing Party's privilege log.

  ii.   The Producing Party will provide Receiving Parties with its initial privilege log at the time it makes a document production from which any document has been withheld pursuant to a claim of privilege, unless otherwise agreed by the Producing Party and the Receiving Parties. For each document for which a Producing Party asserts that a privilege applies, the Producing Party must include in the privilege log the information required by Federal Rule of Civil Procedure 26(b)(5), including the following: (a) a statement of the ground(s) alleged for withholding such document; (b) the date of the document or communication; (c) the identity of its author and signatories and to whom it was sent; (d) whether the asserted privilege(s)

12

also applies to any attachments; (e) an indication of all authors, signatories or recipients of the document who are attorneys, (f) a statement as to whether the entire document has been redacted/withheld or only a portion has been redacted, and the bates number of the redacted document; and (g) a description of the withheld document, communication, or tangible thing in a manner that, without revealing the purportedly claimed or privileged information, will enable a party to assess the validity or efficacy of the privilege claim.

C. **Privileged Document Containing Non-Privileged Matter.** Notwithstanding a claim of privilege, any purportedly privileged document containing non-privileged matter must be: (i) produced with the purportedly privileged portion redacted, with the redacted portion indicated on the document itself, and (ii) listed on the privilege log to be provided pursuant to Paragraph B.iii above.

D. **Submission to the Court Under Seal.** To assist in the prompt resolution of disputed claims of privilege, upon request by the Court, the Producing Party shall submit to the Court under seal, unredacted copies of all documents for which there is a disputed claim of privilege.

E. **Inadvertent Disclosure.**

  i.  The parties agree that no party intends to disclose Privileged Information. In the event that a Producing Party claims that it inadvertently failed to designate any production materials or other information as privileged or work product materials, it shall promptly notify all parties to whom such Privileged Information was produced or disclosed of the Producing Party's intent to assert a claim of privilege or work product over such materials, and consistent with Paragraph II.D herein,

upon request by the Court, submit to the Court under seal, unredacted copies of all documents for which it asserts a privilege and claims were inadvertently produced.

ii.   Upon such notice, and consistent with Federal Rule of Civil Procedure 26(b)(5)(B), the Receiving Party, if it intends to challenge the designation of the document(s), shall immediately sequester all copies of the document(s), pending Court resolution of the challenge and shall not view and use the document(s) at issue. The document(s) that the Receiving Party intends to challenge shall only be submitted to the Court under seal for an *in camera* review.

iii.   If the Receiving Party does not intend to challenge the designation of the document(s), consistent with the Federal Rule of Civil Procedure 26(b)(5)(B), the Receiving Party shall promptly refrain from further copying or distribution of the subject materials, and return or destroy all copies of the subject materials. Where the parties agree, or the Court orders, that an inadvertently produced document is protected by the attorney-client, work product, or other privilege, and such document was originally produced in electronic format on media containing production materials that are not subject to any exemption from production, the Producing Party shall promptly provide replacement production media to the Receiving Party.

iv.   The inadvertent production by any Producing Party, whether in this action or in any other proceedings, of Privileged Information shall be deemed inadvertent without any need for further showing under Federal Rule of Evidence 502(d) and shall not result in a waiver of any such protection in this action for the produced materials or for any other privileged or immune materials containing the same or similar subject

matter. Nor shall the fact of an inadvertent production by any Producing Party in this action be used as a basis for arguing that a claim of privilege or work product has been waived in any other proceeding. This section shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

F. **Obligation on Receiving Party.** Nothing in this Order shall relieve counsel for any Receiving Party of any existing duty or obligation, whether established by case law, rule of court, regulation, or other source, to return, and not to review, any privileged or work product materials without being requested by the Producing Party to do so. Rather, in the event a Receiving Party becomes aware that it is in possession of what appears to be an inadvertently produced privileged document, counsel for the Receiving Party shall immediately: (i) cease any further review of that document; and (ii) notify the Producing Party of the apparent inadvertent production and request confirmation of whether the Producing Party intended for the document to be produced. In the event the Producing Party confirms the inadvertent production of the privileged document, the Receiving Party shall: (i) promptly return or destroy all copies of the inadvertently produced privileged document in its possession and (ii) take reasonable steps to retrieve all copies of the inadvertently produced privileged documents distributed to other counsel or non-parties.

G. **Controlling Order.** In the event any prior order or agreement between any parties or between any party and any non-party concerning the disclosure of either privileged or work product protected materials conflicts with any of the provisions of this Order, the provisions of this Order shall control the treatment of such privilege issues with respect to all material.

III. **PROTOCOL FOR THE PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION**

A. **General Format of Production.** The Parties agree to produce documents, to the extent reasonably possible in native format, as further described herein. Production to Plaintiffs' Liaison Counsel shall be deemed sufficient to constitute production to all Plaintiffs.

B. **ESI Production.** The Parties agree to produce Electronically Stored Information ("ESI") with the exception of inaccessible storage media, to the extent reasonably possible, as described below. ESI will be searched on a custodian and/or search term basis, as described in Paragraph III.L. With respect to production of ESI, the Parties agree upon the following:

i.      E-mails shall be produced as native files with metadata intact.

ii.     Other electronic documents and all other electronic documents not specifically discussed elsewhere will be produced in native format with all metadata intact. Specifically:

   a.   Excel files will be produced in native format with related searchable text, metadata (to the extent it exists) and bibliographic information. Where a Party redacts a portion of an Excel spreadsheet, the Parties will meet and confer regarding production of the redacted document;

   b.   PowerPoint files will be produced in native format with related searchable text, metadata (to the extent it exists) and bibliographic information. Where a Party redacts a portion of a PowerPoint, the Parties will meet and confer regarding production of the redacted document;

   c.   The Parties will discuss any specialized databases that are responsive to the Parties' requests and reach agreement on production before any such production; and,

16

    d.   To the extent that a Party is unable to produce documents in native format, the Parties will confer and attempt to reach an agreement on an alternate production format. Any disputes following the Parties good-faith attempts to confer on production format will be brought to the Court for resolution.

C.  **Hard Copy (or Paper) Documents.** The Parties agree to produce hard-copy documents as PDF files with related OCR text. At this time, each Party contemplates converting all hard-copy documents into electronic images for production purposes and agrees to address any exceptions with the other Parties. The Parties shall meet and confer to discuss documents that present imaging or formatting problems. To the extent exceptions to the foregoing are required, the Parties will meet and confer to discuss alternative production requirements, concerns, or formats.

D.  **Form and Manner of Production.** All production files will be produced in a matter that retains all native metadata. All images generated from hard copy documents shall be scanned as images at 300 d.p.i. resolution and shall be saved and produced in "PDF" format and reflect, without visual degradation, the full and complete information contained on the original document. All images generated from electronic documents with the exception of source code, dynamic web pages, and web content, shall be saved electronically (or "printed") in a "PDF" image that reflects the full and complete information contained on the original document. The Parties shall meet and confer to the extent reasonably necessary to facilitate the import and use of the produced materials with commercially available document management or litigation support software.

E.  **Color.** Where an original document, picture file (e.g., .jpg, .jpeg, .gif, .bmp), and/or computer animation file (e.g., .avi, .gif, .mpg, .gif, .mpg, .mpeg, .wmv) contains color, the Parties shall produce the document/file in color to the extent possible. Video files (e.g., .wma, .mov, .mpg, .wmv, .avi, .asf) shall be provided in the form received or collected.

F. **Digital Photos.** All digital photographs will be produced as full color image files in their native file format at their original resolution or in .JPG.

G. **Duplicates.** The Parties shall make reasonable efforts to de-duplicate ESI. ESI produced by the Parties shall be globally de-duplicated across all collected custodial and non-custodial sources. Where a single document has more than one identical copy of a document (i.e., the documents are visually the same and contain the same electronic text), the Parties need only produce a single copy of that document. If a duplicate document exists that is part of a document family, the duplicate will only be removed, pursuant to the terms of this paragraph, if the entire family is removed as a duplicate, i.e. a single document will not be removed from a family even if it is a duplicate.

H. **Embedded Files.** Embedded files, except for images embedded in emails, are to be produced as family groups. Embedded files should be assigned Bates numbers that directly follow the Bates numbers on the documents within which they are embedded.

I. **Parent-Child Email Relationships.** Non-privileged, responsive email attachments should be consecutively produced with the parent email record. Emails and related attachments should be produced in a manner that maintains the parent-child relationship, if any.

J. **Bates Numbering.** Each file shall be produced with a unique identifier ("Bates Number") as the filename of the produced document. No other legend or stamp will be placed on the document other than a confidentiality legend (where applicable), redactions (consistent with the applicable Pretrial Order entered in this matter, or any other protective orders agreed to in the future), and the Bates Number identified above. Bates Numbering should be consistent across the production, contain no special characters, and be numerically sequential within a given document. If a Bates Number or set of Bates Numbers is skipped, the skipped number or set of numbers

should be noted with a placeholder. Attachments to documents will be assigned Bates Numbers that directly follow the Bates Numbers on the documents to which they were attached. With respect to documents produced in PDF format, each page of the produced document shall contain a unique Bates Number.

K. **Production Media.** The Parties agree to produce documents electronically in a secure manner that restricts password-protected access to the Parties and their counsel.

L. **Use of Search Terms.** ESI will be searched on a custodian and/or search term basis, at an agreed upon time by the parties, Claimants, through Liaison Counsel, shall provide Limitation Petitioners with an initial listing of search terms and custodians for ESI responsive to Claimants'/Plaintiffs' Omnibus Request for Production of Documents. Defendants shall have the opportunity to propose modifications to those search terms. Either Party may also propose custodians and date limitations for searches. Within sixty days of when the Parties agree on an initial set of search terms, the Parties shall conduct a further meet and confer to determine whether modifications should be made to those search terms. The Parties will produce potentially-relevant ESI in their possession according to the agreed search terms, custodians, and date ranges. Additionally:

    i.     Each Party shall be provided with an opportunity to propose additions or amendments to the search procedures and terms;

    ii.    The Parties acknowledge that the agreement to the use of such search procedures and terms shall not be construed as a waiver of any Party's right to request subsequent searches and productions; particularly where there is a showing that the agreed-to search terms and procedures have resulted in inadequate productions or

failed to identify relevant materials. The Parties reserve their right to object to any additional requests or subsequent searches;

iii.   To the extent that a Producing Party has knowledge of an otherwise discoverable document that does not contain an identified search term, that document will be produced in response to a request for same;

iv.   The Parties will produce ESI on a rolling basis so as to provide each other with documents as expediently as possible; and

v.   Documents identified by search terms may be reviewed for privilege, confidentiality, redactions, and relevance or responsiveness prior to production.

M. **Original Documents.** The Parties will retain the original hard-copy and ESI documents. Subject to preservation of appropriate privileges and other protections, the Parties will consider reasonable requests, after any necessary meet and confer, to produce the original copy and ESI documents of specific documents or groups of documents, or where a document existed originally in only hard copy format, make originals of any produced document available for inspection by the requesting Party in the form in which such documents are kept in the ordinary course of business.

N. **Inaccessible Storage Media.** The Parties have taken reasonable steps to collect potentially relevant ESI from its original source. The Parties shall discuss sources of potentially relevant information deemed "not reasonably accessible." Where a Party seeks production of information from media sources designated by another Party as "not reasonably accessible," the Parties shall meet and confer in an effort to resolve any disagreements before seeking relief from the Court.

O. **Privileged Information.** Information produced pursuant to this Order that is subject to a claim of privilege shall be treated in a manner consistent with the Section I of this Order governing the treatment of confidential or privileged materials.

P. **Cost of Production.** Each Party shall bear its own costs of production.

## IV.    DEPOSITION PROTOCOL

A. Depositions may commence on February 1, 2023, unless the Parties agree to an earlier date. The Parties will endeavor to preserve and set aside calendar dates for depositions as soon as practicable. Each Party will provide the other Parties with an initial list of deponents on or before December 16, 2022.

B. Each deposition will be limited to eight (8) hours, which limit can be extended by agreement of the Parties. Time is allotted as follows:

    i.     For witnesses employed by Limitation Petitioners and Defendants: Limitation Claimants (including personal injury Claimants) – Six (6) hours; Non-witness producing Defendants – the remaining two (2) hours to be divided per agreement among the Defendants.

    ii.    For Third Party witnesses, e.g., rescuers, eyewitnesses, government witnesses, weather providers, etc.: Eight (8) hours to be divided evenly between Limitation Claimants on the one hand and Limitation Petitioners and Defendants on the other.

    iii.    For any Limitation Claimant's deposition: Six (6) hours by Limitation Petitioners and Defendants, with the remaining two (2) hours for Limitation Claimants.

C. The Parties are free to alter this time allocation by mutual agreement as deemed necessary. The Parties are reminded that the Court expects cooperation and adherence to the Federal Rules of

Civil Procedure and the Local Rules governing deposition interrogation and objections so as to minimize wasted time and disruption of the taking of testimony. Any disputes regarding the allocation of deposition time may, after good faith efforts to meet and confer, be submitted to the Court for resolution.

D.  The time limits set forth above shall be the actual time spent in examining the witness. Time spent on objections, colloquy, breaks, or lunch shall not be counted toward the time limits.

E.  Counsel for each Party deponent must certify that a good faith effort was made to search for all documents responsive to discovery requests served in this action within the Party's custody or control, and that all such documents were produced at least seven calendar (7) days before the deposition.