UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| IN RE: BULLY 1 (SWITZERLAND) GMBH, ET AL. | CIVIL ACTION NO. 22-0566 |
| | JUDGE SUMMERHAYS |
| | MAGISTRATE JUDGE WHITEHURST |

## REPORT AND RECOMMENDATION

Before the Court is a Motion to File Out of Time Claim and For Relief from Default filed on behalf of Brian Barfield ("Movant"). (Rec. Doc. 252). Bully 1 (Switzerland) GmbH, as owner, and Noble Drilling (U.S.), LLC, as owner *pro hac vice*, of the *GLOBETROTTER II* ("Petitioners-in-Limitation"), oppose the Motion. (Rec. Doc. 258). The Motion was referred to the undersigned magistrate judge for review, report, and recommendation pursuant to the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the Parties, and for the reasons explained below, the Court recommends that the Motion be DENIED.

### Facts and Procedural History

This limitation proceeding was initiated by Petitioners-in-Limitation as owners and/or owners *pro hac vice* of the *GLOBETROTTER II* on February 25, 2022, when they filed a Verified Complaint for Exoneration from or Limitation of

Liability for any loss, damage, injury, or destruction caused by Hurricane Ida's impact on the *GLOBETROTTER II* on or about August 29, 2021. (Rec. Doc. 1). On March 4, 2022, this Court issued an Order staying all claims or actions against Petitioners-in-Limitation in connection with Hurricane Ida's impact on the *GLOBETROTTER II* and commanding anyone asserting claims from the impact to file their claims with the Clerk of Court on or before April 14, 2022. (Rec. Doc. 3). The Court also ordered Petitioners-in-Limitation to give public notice of the limitation proceeding and the deadline to file claims via publication in *The Daily Advertiser* once a week for four successive weeks and to mail a copy of the Notice to Claimants of Complaint for Exoneration from or Limitation of Liability to every person known to have a claim against the *GLOBETROTTER II*. (*Id.*).

Notice of the limitation proceeding and the deadline for filing claims was published in *The Daily Advertiser* on March 20, 2022, March 27, 2022, April 3, 2022, and April 10, 2022. (Rec. Doc. 66-1). Additionally, on March 8, 2022, Petitioners-in-Limitation mailed the Notice and a copy of the March 4, 2022 Order setting the April 14, 2022 deadline via certified mail to Movant's legal counsel at the time. Movant's then-counsel informed Petitioners-in-Limitation that his firm no longer represented Movant. (Rec. Doc. 258-1, pp. 1-2, 6 & Rec. Doc. 66-2). On the following day (March 9, 2022), Petitioners-in-Limitation also mailed the Notice and a copy of the March 4, 2022 Order setting the April 14, 2022 deadline via certified

mail to Movant's current counsel.  Movant's current counsel also represents over 20 other claimants.  (Rec. Doc. 258-1, pp. 9-83).

On April 14, 2022, Movant's counsel filed 23 Answers and Claims in the limitation proceeding.  (Rec. Docs. 25-56, 63).  However, no Answer or Claim was filed on behalf of Movant.  On April 22, 2022, the Court entered an Order Noting Defaults against all persons who failed to file timely claims.  (Rec. Doc. 74).

Although no claim had been filed on behalf of Movant, and despite a default having been entered against him, Movant's counsel served initial disclosures on his behalf on November 7, 2022.  Understandably perplexed, Petitioners-in-Limitation sent an email to Movant's counsel on November 8, 2022, noting that no claim was filed on Movant's behalf and inquiring if a claim would be forthcoming.  (Rec. Doc. 258-2, p. 84).  Movant's counsel did not respond to the November 8, 2022 email. Petitioners-in-Limitation thereafter sent five more e-mails on December 14, 2022, December 20, 2022, January 3, 2023, January 10, 2023, and April 10, 2023, to Movant's counsel again advising that no claim had been filed on behalf of Movant. Again, Movant's counsel did not respond.[1] (Rec. Doc. 258-2, pp. 86-102).

On August 9, 2023, nearly 16 months after the Court's Order Noting Defaults, Movant filed the instant Motion to File Out of Time Claim and for Relief from

---

[1] The Court considered the exhibits attached to Petitioners-in-Limitation's Memorandum in Opposition to Motion to File Out of Time Claim (Rec. Doc. 258) which were not contested by Movant in a Reply Memorandum or otherwise.

Default. (Rec. Doc. 252). Per Movant's counsel, they represent numerous claimants in this limitation proceeding and were "under the impression that [Movant's] claim had also been filed." (Rec. Doc. 252-1, p. 2). They further state that, when they learned that Movant's claim and answer had inadvertently not be filed, they asked Petitioners-in-Limitation for consent to file a late claim who objected. (*Id*.). Said request for consent to file a late claim was sent via email on May 17, 2023, to which Petitioners-in-Limitation noted their objection on May 19, 2023. (Rec. Doc. 252-2, pp. 1-4). Still, Movant's counsel waited almost three months to file the present Motion. (Rec. Doc. 252).

## **Law and Analysis**

In limitation of liability actions, Rule F(4) of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure sets forth clear requirements for notice to claimants to file claims in the district court by a certain date:

> [T]he [district] court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. ... The notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims. The plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose.

Fed. R. Civ. P. Supp. R. F(4).

There is no dispute that such notice was provided here directing all persons asserting claims to file their respective claims on or before April 14, 2022.

While a Rule F(4) Notice prescribes a deadline, the Rule further authorizes the court to enlarge the period under certain circumstances and provides that, "for cause shown, the court may enlarge the time within which claims may be filed." Fed. R. Civ. P. Supp. R. F(4). The Fifth Circuit has interpreted this rule to require a showing of "good cause" to file a late claim. *In re Trace Marine, Inc.*, 114 Fed. App'x 124, 127 (5th Cir. 2004)(citing *Golnoy Barge Co. v. M/T SHINOUSSA*, 980 F.2d 349, 351 (5th Cir. 1993))("Supplemental Admiralty Rules, Rule F(4) allows a district court to permit a claimant in a limitation of liability proceeding to file a claim, *nunc pro tunc*, for *good cause shown.*" (Emphasis supplied)). To guide district courts when determining whether an untimely claim should be allowed in a limitation of liability proceeding, the Fifth Circuit sets forth three factors to be considered: (1) whether the proceeding is pending and undetermined; (2) whether allowing the claim will adversely affect the rights of the parties; and (3) the claimant's reason for filing late. *Tex. Gulf Sulphur Co. v. Blue Stack Towing Co.*, 313 F.2d 359, 362 (5th Cir. 1963).

As for the first factor, the Fifth Circuit has not directly defined "pending and undetermined" in reference to a limitation proceeding. However, the Fifth Circuit

has considered a limitation proceeding to be at least "partially determined" when a petitioner in a limitation action had settled with one claimant and was in settlement negotiations with another. *In re Trace Marine, Inc.*, 114 Fed. App'x at 127.

Movant contends that the matter is pending and undetermined because trial is not set until June 2024 and expert reports are not due until November 2023. (Rec. Doc. 252-1, p. 4). Such a contention fails to consider the filings and proceedings that have occurred since this action was initiated approximately 20 months ago. (Rec. Doc. 1). Indeed, the following deadlines/events have expired/occurred:

- Claimants'/Plaintiffs' Initial Omnibus Discovery to all Defendants/Limitation Petitioners including Interrogatories, Requests for Production and/or Requests for Admissions (August 31, 2022).

- Submit joint proposal for initial case administration (confidentiality, privilege, deposition protocol, document production protocol, and e-discovery protocol) (October 1, 2022).

- Defendants/Limitation Petitioners' Initial Omnibus Discovery to all Claimants including Interrogatories, Requests for Production and/or Requests for Admissions (November 4, 2022).

- FRCP Rule 26 Disclosure for all parties. All personal injury Claimants to provide FRCP Rule 26 Disclosures on damages only. (November 7, 2022).

- Defendants' Responses to Initial Omnibus Discovery served, including Privilege Logs, identification of the sources of Limitation Petitioners' electronic data not produced due to alleged inaccessibility or other undue burden or other costs. (November 15, 2022).

- Amendments to pleadings, third-party actions, cross-claims, and counterclaims shall be filed. (November 21, 2022).

- Claimants' Responses to Initial Omnibus Discovery served by Defendants/Limitation Petitioners. (January 18, 2023).

- Serve May Call Witness and Exhibit Lists (April 7, 2023).

(Rec. Doc. 138-1).

Lastly, according to Petitioners-in-Limitation, and uncontested by Movant, there are ongoing settlement discussions, including formal mediations scheduled for September, October, and November 2023. (Rec. Doc. 258, p. 9). In light of the foregoing, the Court finds that this proceeding is partially determined. As such, the first *Texas Gulf* factor weighs against a finding of good cause.

The second *Texas Gulf* factor requires the Court to determine whether allowing the claim will adversely affect the rights of the parties. *Tex. Gulf Sulphur Co.*, 313 F.2d at 362. Movant contends that permitting the claim would not adversely affect the rights of Petitioners-in-Limitation because they have been producing discovery responses as if a claim had been filed, and Movant's "injuries

arise out of the same circumstances that caused injury to numerous others in this case." (Rec. Doc. 252-1, p. 4). Petitioners-in-Limitation argue that their understanding that no claim would be forthcoming on behalf of Movant has shaped their strategy and understanding of their potential exposure. (Rec. Doc. 258, p. 10). The Court finds that Petitioners-in-Limitation's expectations that all claims had been filed to be reasonable given the amount of time that has passed since the April 14, 2022 filing deadline and multiple emails questioning whether a claim on behalf of Movant was forthcoming. This factor, too, weighs against a finding of good cause.

In applying *Texas Gulf*'s third factor, the Fifth Circuit has made clear that "relief from a tardy claim is not a matter of right. It depends upon an equitable showing." *Tex. Gulf Sulphur Co.,* 313 F.2d at 362 (citations omitted). The Court has also ruled that late filers must "demonstrate their reasons with evidence." *In re: River City Towing Services, Inc*. 420 F.3d 385, 388 (5th Cir. 2005). In *River City Towing*, the Fifth Circuit denied the plaintiff's request to file late claims finding that the plaintiffs failed to offer any evidence to support their reasons for filing their claims after the notice date although they argued that they had not received proper notice. *Id*.

Here, Movant has not submitted a modicum of evidence to explain his failure to file a timely claim. Instead, Movant merely advances that the failure was a product of "simply inadvertence." (Rec. Doc. 252-1, p. 4). Specifically, Movant's

counsel submits that they were "under the impression that [Movant's] claim had also been filed" and argue that this "error is the kind of neglect that is excusable for claims purposes." (*Id.*). However, they offer no explanation as to how this neglect occurred, let alone why they ignored Petitioners-in-Limitations' six emails notifying them that a claim on behalf of Movant had not been filed. (*Id.* at pp. 2-4.).

Nor can Movant's counsels' characterization of their conduct be reconciled with the record. While Movant's counsel represents that they asked Petitioners-in-Limitation for consent to file the claim late when they "learned that [the] claim and answer had inadvertently not been filed, (*Id.* at p. 2), the record reveals that this request was made on May 17, 2023, over a year after the Court's April 14, 2022 filing deadline and months after their receipt of Petitioner-in-Limitation's six emails. (Rec. Doc. 252-2, pp. 1-4). And perhaps most shockingly, Movant's counsel waited almost another three months after Petitioners-in-Limitation declined consent to file the present Motion. (Rec. Doc. 252).

Movant cites *In re Lynchburg Shipyard* to support his contention that simple inadvertence is "a mere error" and "the kind of neglect that is excusable for claims purposes." (Rec. Doc. 252-1, p. 4)(*In re Lynchburg Shipyard*, No. CIV. 01-3187, 2002 WL 31427344, at *2 (E.D. La. Oct. 28, 2002)). Movant's reliance is not well-founded. *Lynchburg* relied on a Seventh Circuit decision, wherein the court held that attorney error alone was sufficient cause for granting a motion to file a late claim

in a limitation proceeding. *See Lynchburg*, 2002 WL 31427344, at *2 *317 (citing *Alter Barge Line, Inc. v. Consol. Grain & Barge Co.*, 272 F.3d 396, 397 (7th Cir. 2001)). Unlike the Fifth Circuit, which requires a showing of good cause, the Seventh Circuit does not. *See Alter Barge Line, Inc. v. Consol. Grain & Barge Co.*, 272 F.3d 396, 397 (7th Cir. 2001)("[L]ate claimants in admiralty proceedings need not show 'good cause.'"(citing *In re M.V. President Kennedy, Ltd.*, No. 98 Civ. 8126 CSH, 2000 WL 351425, at *2 (S.D.N.Y. Apr. 5, 2000))). This Court must follow the Fifth Circuit's interpretation and requirements; *Lynchburg*, which does not, is thus not persuasive.

Petitioners-in-Limitation highlight that this is not the first time counsel for Movant (Arnold & Itkin, LLP) has had similar motions to file untimely claims based on similar "inadvertence" denied by other courts. *See Plaquemine Pointe Shipyard, LLC v. Kirby Inland Marine, LP*, 472 F. Supp. 3d 313 (E.D. La. 2020) and *Matter of Stokes*, No. CV 16-14570, 2017 WL 6454430 (E.D. La. Sept. 28, 2017).[2] While such a pattern of conduct may – and does – give this Court concern, what counsel may have done in other cases is not germane to the disposition of Movant's present Motion.

---

[2] "Lastly, and importantly, *Matter of Stokes* concerned movants that were represented by the very same counsel representing movants in this matter. … Unfortunately, the prior denial of the motion for leave to file in *Matter of Stokes* has not made a sufficient impact on said counsel's calendaring abilities, nor his diligence in representing persons wishing to be made party to a limitation proceeding. … Accordingly, the motion to file a late claim, one month after the deadline for filing claims had passed and almost a month after entry of an order of default, is denied." *Plaquemine Pointe Shipyard*, 472 F. Supp. 3d at 318.

After all, although this Motion may be the product of counsel's conduct, it is Movant's rights that will be impacted. This Court appreciates the consequences that follow by denying this Motion and it does not do so lightly. However, the record is clear, indeed, it is uncontested, that Movant, through able counsel, had received ample and repetitive notice that his claim had never been asserted and unjustifiably took no action to rectify it. Even if the initial oversight was the product of mistake, the subsequent failures to remedy the situation cannot be said to be. While the Court will generally afford latitude in the interest of justice such that cases can be decided on their merits, the interest of justice in this case guides its discretion and all but compels denying the Motion.

## **Conclusion**

For the reasons discussed herein, the Court recommends that the Motion to File Out of Time Claim and for Relief from Default be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 10th day of October, 2023.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE